## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO. _____

SHARONE SARA GERSTENHABER, an
individual

      Plaintiff,

vs.

SHERIFF SCOTT ISRAEL, as Sheriff of the Broward
Sheriff's Office, BERNADETTE BRINKLEY, in her
individual capacity, DAWNA AUSTIN-GAINES, in her
individual capacity, CAMEO WILLIAMS, in her
individual capacity, NEDRA GABRIEL,in her individual
capacity, LUIS GALINDEZ, in his individual capacity, and
DAPHNYS JEAN-BAPTISTE, in his individual capacity,
PATRICK FECU, in his individual capacity, and
TIFFANY BEALE, in her individual capacity

      Defendants.

_____/

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

      Plaintiff, SHARONE SARA GERSTENHABER, by and through her undersigned counsel, sues the Defendants SHERIFF SCOTT ISRAEL, in his official capacity as Sheriff of the Broward Sheriff's Office, (hereinafter, SHERIFF SCOTT ISRAEL is referred to as "BSO"), BERNADETTE BRINKLEY, in her individual capacity, DAWNA AUSTIN-GAINES, in her individual capacity, CAMEO WILLIAMS, in her individual capacity, NEDRA GABRIEL, in her individual capacity, LUIS GALINDEZ, in his individual capacity, DAPHNYS JEAN-BAPTISTE, in his individual capacity, PATRICK FECU, in his individual capacity, and TIFFANY BEALE, in her individual capacity, and as grounds therefor would show unto the Court as follows:

### NATURE OF LAWSUIT

      1.     This is an action for damages sustained by a citizen of Broward County, Florida and the United States against BSO and BSO employee law enforcement officers BERNADETTE BRINKLEY, DAWNA AUSTIN-GAINES, CAMEO WILLIAMS, NEDRA GABRIEL, LUIS GALINDEZ, DAPHNYS JEAN-BAPTISTE, PATRICK FECU and TIFFANY BEALE all employees of the Broward Sheriff's Office to address the denial of certain constitutional rights by the Defendants and against the Plaintiff. Specifically, Officers BRINKLEY, AUSTIN-GAINES, WILLIAMS, GABRIEL, and GALINDEZ unlawfully strip searched, assaulted, battered and severely injured SHARONE GERSTENHABER when they strip searched,

**CASE NO.:**

physically assaulted, battered, and peppered sprayed her in close quarters as punishment for refusing to relinquish her grandfather's wedding band, a family heirloom, which was forcibly seized and never returned, in violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution. BSO employee detention officers mentioned above and  DAPHNYS JEAN-BAPTISTE, despite being witnesses with the actions of each other, failed to intervene to prevent the violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution. Defendants FECU and BEALE were also responsible for Gerstenhaber's personal property including her grandfather's wedding band, which was seized and never returned to Gerstenhaber. This action is also brought, in part, for assault, battery, intentional infliction of emotional distress, and conversion against the individual defendants and common law negligence, battery, assault, and conversion against BSO pursuant to Florida Statutes 768.28.

<u>**JURISDICTION AND VENUE**</u>

2.      This action is brought, in part, pursuant to 42 U.S.C. § 1983, et seq. and involves violations of the Fourth and Fourteenth Amendments to the United States Constitution, the laws of the State of Florida and in part common law negligence, assault and battery pursuant to Florida Statute 768.28 as well as intentional infliction of emotional distress, conversion, and unjust enrichment.

3.      The jurisdiction of this Court is predicated on 28 U.S.C. §§ 1331 and 1342(a)(3) and the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a).

4.      Venue is appropriate in the Southern District of Florida because all of the events giving rise to this suit have occurred within the jurisdiction of the United States District Court Southern District of Florida. In connection with the acts, practices, and violations alleged herein, each Defendants, directly or indirectly, violated the constitutional rights of the Plaintiff, SHARONE SARA GERSTENHABER.

5.      Plaintiff SHARONE SARA GERSTENHABER has complied with all conditions precedent to bringing this action, including giving notice to BSO, which is named herein, and the Florida Department of Financial Responsibility pursuant to all applicable statutes, ordinances, or other laws including but not limited to, *Florida Statute § 768.28(6)(a).*

6.      Pursuant to Florida Statute § 768.28 and in accordance with *section 13, Article 10 of the Florida Constitution,* Defendant BSO, hereby waives sovereign immunity for the negligent and/or wrongful acts or omissions, as alleged herein, of certain employees, agents, and/or servants of Defendant BSO including Defendants BRINKLEY, AUSTIN-GAINES, WILLIAMS, GABRIEL, GALINDEZ, JEAN-BAPTISTE, FECU, and BEALE.

**CASE NO.:**

7.     The Plaintiff seeks an award of compensatory and punitive damages as stated herein below for deprivations of her constitutional rights, permanent physical, mental and emotional injuries, medical expenses, loss of enjoyment of life, court costs, and attorneys' fees.

## PARTIES

8.     Plaintiff SHARONE SARA GERSTENHABER at all times material hereto, was a resident of Broward County, Florida and is otherwise *sui juris* (hereinafter referred to as "GERSTENHABER").

9.     Defendant SHERIFF SCOTT ISRAEL (hereinafter referred to as " BSO") is the Sheriff of the Broward Sheriff's Office located in Broward County, Florida and is otherwise *sui juris* as Sheriff of the Broward Sheriff's County.

10.     Defendant BSO, by and through its officers, agents, and employees, specifically Sheriff Scott Israel, as ultimate policy maker for the Broward Sheriff's Office, possessed the powers and duties, to among other things,  conduct investigations of the Broward Sheriff's Office and its law enforcement officers affairs and perform acts which are in the common interest of the people and visitors in Broward County, Florida.

11.     Defendant, BSO, by and through its officers, agents, and employees, specifically to include Sheriff Scott Israel, as ultimate policy maker for the Broward Sheriff's Office, is responsible for staffing, supervising, managing, controlling, disciplining, and/or setting forth polices and procedures, for the Broward Sheriff's Office to ensure that the BSO's law enforcement officers are performing all of it's duties and responsibilities with the highest level of proficiency, professionalism, and accountability, and within the confines of the United States Constitution and the laws of the State of Florida.

12.     Defendant, BSO, at all times material hereto, acted by and through its officers, agents, and employees, including Defendants BERNADETTE BRINKLEY, DAWNA AUSTIN-GAINES, CAMEO WILLIAMS, NEDRA GABRIEL, LUIS GALINDEZ, DAPHNYS JEAN-BAPTISTE, FECU, and BEALE.

13.     Defendant, BSO, at all times material hereto, is vicariously responsible for the conduct of the law enforcement officers in the employ of the Broward Sheriff's Office and ensuring that BSO's law enforcement officers, employees, servants, and agents obey the laws of the State of Florida and the United States.

14.     Defendant, BERNADETTE BRINKLEY, (hereinafter referred to as "BRINKLEY"),  at all times material hereto, was and is a law enforcement officer for Defendant BSO and is being sued in her individual capacity.

**CASE NO.:**

15.     Defendant, BRINKLEY, at all times material hereto and in all actions described herein, was acting within the course and scope of her employment for Defendant BSO.

16.     Defendant, BRINKLEY, at all times material hereto and in all actions described herein, was acting under color of law and color of her authority as a law enforcement officer, and in such capacity, as the agent, servant, and employee of Defendant BSO.

17.     At all times material hereto, Defendant BRINKLEY, on information and belief, was a resident of Broward County, Florida and otherwise *sui juris.*

18.     Defendant, DAWNA AUSTIN-GAINES, (hereinafter referred to as "AUSTIN-GAINES"), at all times material hereto, was and is a law enforcement officer for Defendant BSO and is being sued in her individual capacity.

19.     Defendant, AUSTIN-GAINES, at all times material hereto and in all actions described herein, was acting within the course and scope of her employment for Defendant BSO.

20.     Defendant, AUSTIN-GAINES, at all times material hereto and in all actions described herein, was  acting under color of law and color of her authority as a law enforcement officer, and in such capacity, as the agent, servant, and employee of Defendant BSO.

21.     At all times material hereto, Defendant AUSTIN-GAINES, on information and belief, was a resident of Broward County, Florida and otherwise *sui juris.*

22.     Defendant, CAMEO WILLIAMS, (hereinafter referred to as "WILLIAMS"),  at all times material hereto, was and is a law enforcement officer for Defendant BSO and is being sued in her individual capacity.

23.     Defendant, WILLIAMS, at all times material hereto and in all actions described herein, was acting within the course and scope of her employment for Defendant BSO.

24.     Defendant, WILLIAMS, at all times material hereto and in all actions described herein, was acting under color of law and color of her authority as a law enforcement officer, and in such capacity, as the agent, servant, and employee of Defendant BSO.

25.     At all times material hereto, Defendant WILLIAMS was, on information and belief, a resident of Broward County, Florida and otherwise *sui juris.*

26.     Defendant, NEDRA GABRIEL, (hereinafter referred to as "GABRIEL"),  at all times material hereto, was and is a law enforcement officer for Defendant BSO and is being sued in her individual capacity.

CASE NO.:

27.      Defendant, GABRIEL, at all times material hereto and in all actions described herein, was acting within the course and scope of her employment for Defendant BSO.

28.      Defendant, GABRIEL, at all times material hereto and in all actions described herein, was acting under color of law and color of her authority as a law enforcement officer, and in such capacity, as the agent, servant, and employee of Defendant BSO.

29.      At all times material hereto, Defendant GABRIEL, on information and belief, was a resident of Broward County, Florida and otherwise *sui juris.*

30.      Defendant, LUIS GALINDEZ, (hereinafter referred to as "GALINDEZ"), at all times material hereto, was and is a law enforcement officer for Defendant BSO and is being sued in his individual capacity.

31.      Defendant, GALINDEZ, at all times material hereto and in all actions described herein, was acting within the course and scope of his employment for Defendant BSO.

32.      Defendant, GALINDEZ, at all times material hereto and in all actions described herein, was acting under color of law and color of her authority as a law enforcement officer, and in such capacity, as the agent, servant, and employee of Defendant BSO.

33.      At all times material hereto, Defendant GALINDEZ, on information and belief, was a resident of Broward County, Florida and otherwise *sui juris.*

34.      Defendant, DAPHNYS JEAN-BAPTISTE, (hereinafter referred to as "JEAN-BAPTISTE"), at all times material hereto, was and is a law enforcement officer for Defendant BSO and is being sued in his individual capacity.

35.      Defendant, JEAN-BAPTISTE, at all times material hereto and in all actions described herein, was acting within the course and scope of his employment for Defendant BSO.

36.      Defendant, JEAN-BAPTISTE, at all times material hereto and in all actions described herein, was  acting under color of law and color of her authority as a law enforcement officer, and in such capacity, as the agent, servant, and employee of Defendant BSO.

37.      At all times material hereto, Defendant JEAN-BAPTISTE, on information and belief, was a resident of Broward County, Florida and otherwise *sui juris.*

38.      Defendant, PATRICK FECU, (hereinafter referred to as "FECU"),  at all times material hereto, was and is a law enforcement officer for Defendant BSO and is being sued in his individual capacity.

39.      Defendant, FECU, at all times material hereto and in all actions described herein, was acting within the course and scope of his employment for Defendant BSO.

CASE NO.:

40.     Defendant, FECU, at all times material hereto and in all actions described herein, was acting under color of law and color of her authority as a law enforcement officer, and in such capacity, as the agent, servant, and employee of Defendant BSO.

41.     At all times material hereto, Defendant FECU, on information and belief, was a resident of Broward County, Florida and otherwise *sui juris.*

42.     Defendant, TIFFANY BEALE, (hereinafter referred to as "BEALE"),  at all times material hereto, was and is a law enforcement officer for Defendant BSO and is being sued in his individual capacity.

43.      Defendant, BEALE, at all times material hereto and in all actions described herein, was acting within the course and scope of his employment for Defendant BSO.

44.     Defendant, BEALE, at all times material hereto and in all actions described herein, was acting under color of law and color of her authority as a law enforcement officer, and in such capacity, as the agent, servant, and employee of Defendant BSO.

45.     At all times material hereto, Defendant BEALE, on information and belief, was a resident of Broward County, Florida and otherwise *sui juris.*

## FACTUAL ALLEGATIONS

**A.     Factual Allegations Regarding Plaintiff Sharone Gerstenhaber**

46.     On July 11, 2014, sometime before 2:00 a.m., Plaintiff Sharone Gerstenhaber, was transported by taxi cab to her residence at 408 Northeast 6th Street, Fort Lauderdale, Florida 33304.

47.     After arriving at her residence, a dispute arose between Plaintiff and Inadel Forestal, the taxi cab driver, regarding the cab fare. As a result, Forestal attacked Plaintiff resulting in Plaintiff having to defend herself.

48.     Officer K. Phillips of the Fort Lauderdale Police Department, responded to the incident and arrested Plaintiff for simple battery, vandalism, and petit theft.

49.     Officer K. Phillips, in the course of arresting Gerstenhaber, searched Gestenhaber and her belongings  and discovered a glass smoking device and less than 1 gram of a green leafy substance which Officer K. Phillips noted was marijuana.

50.     Officer K. Phillips also charged Gerstenhaber with (i) possession of marijuana less than 20 grams and (ii) possession of drug paraphernalia, both first degree misdemeanors; at no time was Gerstenhaber charged by K. Phillips with any felony.

CASE NO.:

51.     Despite being charged with the above misdemeanors, they were all dropped or nolle prossed by the Broward County State Attorney's Office.

52.     At the time of her arrest by Officer K. Phillips, Gerstenhaber had no visible injuries to her face or body with the exception of a small cut to her left thumb.

53.     Following Gerstenhaber's arrest, Gerstenhaber was transported by Officer K. Phillips to the sallyport area at the Broward County Jail for booking.

54.     At approximately, 2:30 a.m., Gerstenhaber was turned over to the custody of BSO deputies.

55.     At the time of her transfer to the custody of BSO at the Broward County Jail, Gerstenhaber had no visible injuries to her face or body with the exception of a small cut to her left thumb.

56.     Upon arriving at the sallyport area at the Broward County Jail, Gerstenhaber relinquished to Defendant BEALE and/or another deputy in the sallyport area all of her personal property, with the exception of her clothing and her deceased grandfather's gold wedding band, a family heirloom with significant sentimental value (hereinafter referred to as the "Ring"); the Ring had been passed down to Gerstenhaber from her grandfather, a gift to him by her deceased grandmother at the time of their marriage in Israel in 1943 and had been engraved with the date of her grandparents' marriage and her grandmother's words in Hebrew, "Rachael loves Leslie."

57.     After arriving at the sallyport area at the Broward County Jail, Gerstenhaber was escorted by BSO deputies including Defendants BRINKLEY, GABRIEL, AUSTIN-GAINES, and WILLIAMS into the booking area and escorted immediately into Booking Search Cell No. 2.

58.     At the time of entry into the Booking Search Cell No.2, Plaintiff was barefooted, clothed in a tan shirt, bra, underwear, and jean shorts and was still wearing the Ring on her middle finger which was not turned over to any BSO deputy in the sallyport area.

59.     At no time did Gerstenhaber during her escort into booking and/or the search cell threaten any BSO deputy or make any movement or gesture towards any BSO deputy which would create the fear of any imminent physical harm or contact to any BSO Deputy or other inmate.

60.     Defendant BSO, by and through its agents, servants, and/or employees, in the process of booking Gerstenhaber, charged Gerstenhaber with possession of cannabis over 20 grams, a third degree felony.

61.     Once inside the booking search cell Defendants BRINKLEY, GABRIEL, AUSTIN-GAINES, and/or WILLIAMS requested Gerstenhaber to remove her clothes and jewelry including the Ring to strip search Gerstenhaber.

CASE NO.:

62.　　No authorization was provided to strip search Gerstenhaber by any supervisor of the BSO.

63.　　Gerstenhaber was hesitant on removing her grandfather's wedding band due to the fact it was a family heirloom with significant sentimental value.

64.　　Again at no time did Gerstenhaber after being placed in Booking Search Cell No. 2 threaten any BSO deputy or make any movement or gesture towards any BSO deputy, including the Defendants BRINKLEY, GABRIEL, AUSTIN-GAINES, and WILLIAMS, which would create the fear of any imminent physical harm or contact to any BSO Deputy or other inmate.

65.　　Also, at no time did Gerstenhaber after being placed in Booking Search Cell No. 2 threaten or make any movement or gesture towards any BSO deputy or any property which would create the fear of any imminent physical harm or contact to any property.

66.　　Also, at no time did Gerstenhaber after being placed in Booking Search Cell No. 2 threaten or make any movement that would be indicative of an attempt to escape the booking area or search cell.

67.　　In response to Gerstenhaber's hesitancy and refusal to remove the Ring based on its substantial sentimental value and her fear of it being lost or stolen, Defendants BRINKLEY, GABRIEL, AUSTIN-GAINES, and WILLIAMS unreasonably and without provocation, without any imminent threat of danger or any emergent situation, and without any supervisory authority engaged in the excessive use of force to exact punishment on Gerstenhaber for her refusal to remove her Ring when requested.

68.　　Defendant BRINKLEY without supervisory authority, told Gerstenhaber if she doesn't remove the Ring she will be pepper sprayed; when Gerstenhaber did not immediately comply, Defendants AUSTIN-GAINES and WILLIAMS unreasonably and without provocation pepper sprayed Gerstenhaber in her face and body, without any supervisor authority.

69.　　When Gerstenhaber was reeling from the effects of the pepper spray, Defendant BRINKLEY, unreasonably and without provocation, pushed Gerstenhaber into the corner of the cell, and then Defendant BRINKLEY, GABRIEL, AUSTIN-GAINES, and WILLIAMS handcuffed Gerstenhaber and left the search cell for a short period of time.

70.　　Thereafter, Defendants BRINKLEY, GABRIEL, AUSTIN-GAINES, and WILLIAMS returned with Defendant GALINDEZ and, unreasonably and without provocation, without any imminent threat of danger or any emergent situation, continued to engage in the excessive use of force to exact punishment on Gerstenhaber for her refusal to remove her Ring when requested.

71.　　Defendant WILLIAMS unreasonably and without provocation again pepper sprayed Gerstenhaber while she remained handcuffed in order to punish Gerstenhaber for refusing to remove the

**CASE NO.:**

Ring.

72.     Immediately thereafter, Defendants BRINKLEY, GABRIEL, AUSTIN-GAINES, WILLIAMS, and GALINDEZ, unreasonably and without provocation, without any imminent threat of danger or any emergent situation, forcibly took Gerstenhaber to the ground while she was handcuffed, held her down, and battered her by beating, hitting, pummeling, and kicking her all over her face and body until Gerstenhaber urinated on herself.

73.     After the beating, Defendants BRINKLEY, GABRIEL, AUSTIN-GAINES, WILLIAMS, and GALINDEZ forcibly removed the Ring from Gerstenhaber's middle finger and Defendants BRINKLEY, GABRIEL, AUSTIN-GAINES, WILLIAMS, and GALINDEZ, also forcibly removed all of her clothing including her bra and underwear, completely exposing her breasts, genitalia, and buttocks to perform a strip search of Gerstenhaber's body.

74.     Despite applicable statutory Florida law and BSO policies and procedures prohibiting Defendant GALINDEZ from being in the search cell during a strip search of a female he stayed in the search cell with Gerstenhaber while she was undressed and naked with her breasts, genitalia, and buttocks completely exposed; there were two other female BSO deputies, K'Neege Needom and Cleopatra Johnnie available to assist Defendants BRINKLEY, AUSTIN-GAINES, WILLIAMS, and GABRIEL, but they were not called to assist.

75.     During the time Gerstenhaber was being attacked inside Booking Search Cell No. 2, Defendant JEAN BAPTISTE, was present at the open door of said cell and outside said cell knowing the Defendants BRINKLEY, GABRIEL, AUSTIN-GAINES, WILLIAMS, and GALINDEZ were utilizing excessive force including pepper spray to punish Gerstenhaber and strip search Gerstenhaber including removing all of her clothing while in GALINDEZ's presence.

76.     Defendant JEAN BAPTISTE observed Gerstenhaber while being physically attacked and strip searched by Defendants BRINKLEY, GABRIEL, AUSTIN-GAINES, WILLIAMS, and GALINDEZ but took no action to intervene or otherwise stop the strip search and/or physical assault on Gerstenhaber.

77.     Again at no time did Gerstenhaber after being placed in Booking Search Cell No. 2 threaten any BSO deputy, including but not limited to Defendants BRINKLEY, GABRIEL, AUSTIN-GAINES, WILLIAMS, and GALINDEZ, or make any movement or gesture towards any BSO deputy which would create the fear of any imminent physical harm or contact to any BSO Deputy or other inmate.

78.     Also, at no time did Gerstenhaber after being placed in Booking Search Cell No. 2 threaten or make any movement or gesture towards any BSO deputy or property which would create the fear of any

**CASE NO.:**

imminent physical harm or contact to any property.

79.     Also, at no time did Gerstenhaber after being placed in Booking Search Cell No. 2 threaten or make any movement that would be indicative of an attempt to escape the booking area or search cell.

80.     At no time, during this exchange, did Defendants BRINKLEY, GABRIEL, AUSTIN-GAINES, WILLIAMS, or GALINDEZ need to engage in the use of force for purpose of self-defense or to protect staff, others, or property, from Gerstenhaber or to prevent escape by Gerstenhaber.

81.     Rather, Defendants BRINKLEY, GABRIEL, AUSTIN-GAINES, WILLIAMS, and GALINDEZ engaged in the use of force for corporal punishment, personal abuse, embarrassment, humiliation, and harassment for questioning a directive by one or more of the Defendants to remove her Ring; these Defendants were responsible for securing Gerstenhaber's Ring after its seizure.

82.     After the physical attack by Defendants BRINKLEY, GABRIEL, AUSTIN-GAINES, WILLIAMS, and/or GALINDEZ, Gerstenhaber was transferred to CIB Holding Cell No. 3, another holding cell where she was examined by Broward Sheriff's Office EMT Colon who noted redness to face as well as visible swelling, bruising, and laceration to the right eye.

83.     As a result of Defendants' excessive use of force, Gerstenhaber sustained severe and permanent injuries to her face and body including (i) contusions to the face, right eye, and inside of lower and outside of lower lip, (ii) contusions to the  right side of her head, right and left rear shoulder, right and left wrists, right arm, outer left thigh,  inner left leg above the ankle, and left biceps, (iii) lacerations to her right eye and upper lip, and (iv) bruising and abrasions about her face and body.

84.     As a further result of Defendants' actions, including Defendant GALINDEZ's violation of BSO policies and procedures and Florida Statutory Law, Gerstenhaber sustained physical and emotional abuse and harm, intimidation, humiliation, and embarrassment.

85.     In addition to Defendants BRINKLEY, AUSTIN-GAINES, WILLIAMS, GABRIEL, GALINDEZ, JEAN BAPTISTE, Defendants FECU and BEALE were also responsible for securing Gerstenhaber's personal property, including the Ring after its seizure.

86.     Defendants BRINKLEY, AUSTIN-GAINES, WILLIAMS, GABRIEL, GALINDEZ, JEAN BAPTISTE, FECU and BEALE failed to appropriately secure the Ring for Gerstenhaber.

87.     As a further result of Defendants' actions and/or omissions, the Ring could never be located nor was ever returned to Gerstenhaber by the Defendants during her release nor any time thereafter, thereby violating BSO policies and procedures and the rights of Gerstenhaber causing her damages including but not limited to the loss of market and sentimental value of the Ring.

**CASE NO.:**

88.     In the course of Defendant BRINKLEY's actions in pepper spraying Gerstenhaber and physically beating her while she remained handcuffed, Defendant, BRINKLEY, physically assaulted and accosted Gerstenhaber subjecting said Plaintiff to acts of physical and emotional abuse and thereby wrongfully committed acts of battery.

89.     In the course of Defendant BRINKLEY'S actions in participating and exacting a strip search on Gerstenhaber together with a male BSO deputy, Defendant, BRINKLEY, violated Florida statutory law and BSO policies and procedures by performing said unconstitutional, unreasonable, and illegal strip search together with a male BSO deputy in the strip search of a female individual subjecting said Plaintiff to a violation of her privacy as well as physical and emotional abuse, intimidation, embarrassment, humiliation, and harassment.

90.     In the course of Defendant BRINKLEY's actions and/or omissions in failing to secure Gerstenhaber's Ring, Defendant BRINKLEY violated Florida statutory law and BSO policies and procedures which prevent an unreasonable and unconstitutional seizure of Gerstenhaber's personal property thereby depriving said Plaintiff of the Ring.

91.     Defendant, BRINKLEY committed the aforedescribed acts in her official capacity as a deputy of the Defendant BSO while acting in the course and scope of her employment with the Defendant BSO.

92.     Defendant BSO is vicariously liable for the wrongful conduct and negligence of its agents, servants and/or employees, including BRINKLEY.

93.     At the aforesaid time and place, Defendant BRINKLEY wrongfully exerted excessive force, physically assaulted and battered Gerstenhaber and unreasonably subjected Plaintiff to acts of physical and emotional harm as punishment for refusing to remove the Ring.

94.     Defendant BRINKLEY wrongfully subjected Gerstenhaber to an unreasonable and illegal strip search and invasion of her privacy in violation of the Fourth Amendment and Florida Statute § 901.211 and unreasonably subjected Plaintiff to physical and emotional abuse, intimidation, embarrassment, humiliation, and harassment.

95.     At the aforesaid time and place, Defendant BRINKLEY wrongfully subjected Gerstenhaber to an unreasonable seizure by taking and failing to return the Ring in violation of the Fourth Amendment and Florida law thereby unreasonably depriving Plaintiff of the value of the Ring.

96.     In the course of Defendant AUSTIN-GAINES' actions in pepper spraying Gerstenhaber and physically beating her while she remained handcuffed, Defendant, AUSTIN-GAINES, physically assaulted

CASE NO.:

and accosted Gerstenhaber subjecting said Plaintiff to acts of physical and emotional abuse and thereby wrongfully committed acts of battery.

97.     In the course of Defendant AUSTIN-GAINES' actions in participating and exacting a strip search on Gerstenhaber together with a male BSO deputy, Defendant, AUSTIN-GAINES, violated Florida statutory law and BSO policies and procedures by performing said unconstitutional, unreasonable, and illegal strip search together with a male BSO deputy in the strip search of a female individual subjecting said Plaintiff to a violation of her privacy as well as physical and emotional abuse, intimidation, embarrassment, humiliation, and harassment.

98.     In the course of Defendant AUSTIN-GAINES' actions and/or omissions in failing to secure Gerstenhaber's Ring, Defendant, AUSTIN-GAINES violated Florida statutory law and BSO policies and procedures which prevent an unreasonable and unconstitutional seizure of Gerstenhaber's personal property thereby depriving said Plaintiff of the Ring.

99.     Defendant AUSTIN-GAINES committed the aforedescribed acts in her official capacity as a deputy of the Defendant BSO while acting in the course and scope of her employment with the Defendant BSO.

100.     Defendant BSO is vicariously liable for the wrongful conduct and negligence of its agents, servants and/or employees, including AUSTIN-GAINES.

101.     At the aforesaid time and place, Defendant AUSTIN-GAINES wrongfully exerted excessive force, physically assaulted and battered Gerstenhaber and unreasonably subjected Plaintiff to acts of physical and emotional harm as punishment for refusing to remove the Ring.

102.     Defendant AUSTIN-GAINES wrongfully subjected Gerstenhaber to an unreasonable and illegal strip search and invasion of her privacy in violation of the Fourth Amendment and Florida Statute § 901.211 and unreasonably subjected Plaintiff to physical and emotional abuse, intimidation, embarrassment, humiliation, and harassment.

103.     At the aforesaid time and place, Defendant AUSTIN GAINES wrongfully subjected Gerstenhaber to an unreasonable seizure by taking and failing to return the Ring in violation of the Fourth Amendment and Florida law and unreasonably deprived Plaintiff of the value of the Ring.

104.     In the course of Defendant WILLIAMS' actions in pepper spraying Gerstenhaber and physically beating her while she remained handcuffed, Defendant, WILLIAMS, physically assaulted and accosted Gerstenhaber subjecting said Plaintiff to acts of physical and emotional abuse and thereby wrongfully committed acts of battery.

CASE NO.:

105.    In the course of Defendant WILLIAMS' actions in participating and exacting a strip search on Gerstenhaber together with a male BSO deputy, Defendant, WILLIAMS, violated Florida statutory law and BSO policies and procedures by performing said unconstitutional, unreasonable, and illegal strip search together with a male BSO deputy in the strip search of a female individual subjecting said Plaintiff to a violation of her privacy as well as physical and emotional abuse, intimidation, embarrassment, humiliation, and harassment.

106.    In the course of Defendant WILLIAMS' actions and/or omissions in failing to secure Gerstenhaber's Ring, Defendant, WILLIAMS violated Florida statutory law and BSO policies and procedures which prevent an unreasonable and unconstitutional seizure of Gerstenhaber's personal property thereby depriving said Plaintiff of the Ring.

107.    Defendant WILLIAMS committed the aforedescribed acts in her official capacity as a deputy of the Defendant BSO while acting in the course and scope of her employment with the Defendant BSO.

108.    Defendant BSO is vicariously liable for the wrongful conduct and negligence of its agents, servants and/or employees, including WILLIAMS.

109.    At the aforesaid time and place, Defendant WILLIAMS wrongfully exerted excessive force, physically assaulted and battered Gerstenhaber and unreasonably subjected Plaintiff to acts of physical and emotional harm as punishment for refusing to remove the Ring.

110.    Defendant WILLIAMS wrongfully subjected Gerstenhaber to an unreasonable and illegal strip search and invasion of her privacy in violation of the Fourth Amendment and Florida Statute § 901.211 and unreasonably subjected Plaintiff to physical and emotional abuse, intimidation, embarrassment, humiliation, and harassment.

111.    At the aforesaid time and place, Defendant WILLIAMS wrongfully subjected Gerstenhaber to an unreasonable seizure by taking and failing to return the Ring in violation of the Fourth Amendment and Florida law and unreasonably deprived Plaintiff of the value of the Ring.

112.    In the course of Defendant GABRIEL's actions in pepper spraying Gerstenhaber and physically beating her while she remained handcuffed, Defendant, GABRIEL, physically assaulted and accosted Gerstenhaber subjecting said Plaintiff to acts of physical and emotional abuse and thereby wrongfully committed acts of battery.

113.    In the course of Defendant GABRIEL'S actions in participating and exacting a strip search on Gerstenhaber together with a male BSO deputy, Defendant, GABRIEL, violated Florida statutory law and BSO policies and procedures by performing said unconstitutional, unreasonable, and illegal strip search

CASE NO.:

together with a male BSO deputy in the strip search of a female individual subjecting said Plaintiff to a violation of her privacy as well as physical and emotional abuse, intimidation, embarrassment, humiliation, and harassment.

114.    In the course of Defendant GABRIEL's actions and/or omissions in failing to secure Gerstenhaber's Ring, Defendant, GABRIEL violated Florida statutory law and BSO policies and procedures which prevent an unreasonable and unconstitutional seizure of Gerstenhaber's personal property thereby intentionally and unnecessarily depriving said Plaintiff of the Ring.

115.    Defendant GABRIEL committed the aforedescribed acts in her official capacity as a deputy of the Defendant BSO while acting in the course and scope of her employment with the Defendant BSO.

116.    Defendant BSO is vicariously liable for the wrongful conduct and negligence of its agents, servants and/or employees, including GABRIEL.

117.    At the aforesaid time and place, Defendant GABRIEL wrongfully exerted excessive force, physically assaulted and battered Gerstenhaber and unreasonably subjected Plaintiff to acts of physical and emotional harm as punishment for refusing to remove the Ring.

118.    Defendant GABRIEL wrongfully subjected Gerstenhaber to an unreasonable and illegal strip search and invasion of her privacy in violation of the Fourth Amendment and Florida Statute § 901.211 and unreasonably subjected Plaintiff to physical and emotional abuse, intimidation, embarrassment, humiliation, and harassment.

119.    At the aforesaid time and place, Defendant GABRIEL wrongfully subjected Gerstenhaber to an unreasonable seizure in violation of the Fourth Amendment and Florida law and unreasonably deprived Plaintiff of the value of the Ring.

120.    In the course of Defendant GALINDEZ's actions in pepper spraying Gerstenhaber and physically beating her while she remained handcuffed, Defendant, GALINDEZ, physically assaulted and accosted Gerstenhaber subjecting said Plaintiff to acts of physical and emotional abuse and thereby wrongfully committed acts of battery.

121.    In the course of Defendant GALINDEZ's actions in participating and exacting a strip search on Gerstenhaber, Defendant, GALINDEZ, violated Florida statutory law and BSO policies and procedures which prevent his participation as a male BSO deputy in the strip search of a female individual thereby subjecting said Plaintiff to a violation of her privacy as well as physical and emotional abuse, intimidation, embarrassment, humiliation, and harassment.

122.    In the course of Defendant GALINDEZ's actions and/or omissions in failing to secure

CASE NO.:

Gerstenhaber's Ring, Defendant, GALINDEZ violated Florida statutory law and BSO policies and procedures which prevent an unreasonable and unconstitutional seizure of Gerstenhaber's personal property thereby depriving said Plaintiff of the Ring.

123.    Defendant GALINDEZ committed the aforedescribed acts in his official capacity as a deputy of the Defendant BSO while acting in the course and scope of his employment with the Defendant BSO.

124.    Defendant BSO is vicariously liable for the wrongful conduct and negligence of its agents, servants and/or employees, including GALINDEZ.

125.    At the aforesaid time and place, Defendant GALINDEZ wrongfully exerted excessive force, physically assaulted and battered Gerstenhaber and unreasonably subjected Plaintiff to acts of physical and emotional harm as punishment for refusing to remove the Ring.

126.    Defendant GALINDEZ wrongfully subjected Gerstenhaber to an unreasonable and illegal strip search and invasion of her privacy in violation of the Fourth Amendment and Florida Statute § 901.211 and unreasonably subjected Plaintiff to physical and emotional abuse, intimidation, embarrassment, humiliation, and harassment.

127.    At the aforesaid time and place, Defendant GALINDEZ wrongfully subjected Gerstenhaber to an unreasonable seizure by taking and failing to return the Ring  in violation of the Fourth Amendment and Florida law and unreasonably deprived Plaintiff of the value of the Ring.

128.    Defendants  BRINKLEY, GABRIEL, AUSTIN-GAINES, WILLIAMS, and GALINDEZ were present during the unreasonable and unprovoked attack and strip search and took no action to intervene or otherwise stop the unreasonable and illegal strip search and physical assault on Gerstenhaber.

129.    During the aforedescribed time and place, Defendant JEAN BAPTISTE, was present during the unreasonable and unprovoked attack and strip search and took no action to intervene or otherwise stop the unreasonable strip search and physical assault on Gerstenhaber.

130.    In the course of Defendant JEAN BAPTISTE'S actions and/or omissions in failing to secure Gerstenhaber's Ring, Defendant, JEAN BAPTISTE, violated Florida statutory law and BSO policies and procedures which prevent an unreasonable and unconstitutional seizure of Gerstenhaber's personal property thereby depriving said Plaintiff of the Ring.

131.    Defendant JEAN BAPTISTE committed the aforedescribed acts or failed to act as required while in his official capacity as a deputy of the Defendant BSO and while acting in the course and scope of his employment with the Defendant BSO.

132.    Defendant BSO is vicariously liable for the wrongful conduct and negligence of its agents,

**CASE NO.:**

servants and/or employees, including JEAN BAPTISTE.

133.    At the aforesaid time and place, Defendant JEAN BAPTISTE wrongfully subjected Gerstenhaber to an unreasonable seizure  in violation of the Fourth Amendment and Florida law and unreasonably deprived Plaintiff of the value of the Ring.

134.    In the course of Defendant FECU's actions and/or omissions in failing to secure Gerstenhaber's Ring, Defendant, FECU violated Florida statutory law and BSO policies and procedures which prevent an unreasonable and unconstitutional seizure of Gerstenhaber's personal property thereby depriving said Plaintiff of the Ring.

135.    Defendant FECU committed the aforedescribed acts in his official capacity as a deputy of the Defendant BSO while acting in the course and scope of his employment with the Defendant BSO.

136.    Defendant BSO is vicariously liable for the wrongful conduct and negligence of its agents, servants and/or employees, including FECU.

137.    At the aforesaid time and place, Defendant FECU wrongfully subjected Gerstenhaber to an unreasonable seizure  in violation of the Fourth Amendment and Florida law and unreasonably deprived Plaintiff of the value of the Ring.

138.    In the course of Defendant BEALE's actions and/or omissions in failing to secure Gerstenhaber's Ring, Defendant, BEALE violated Florida statutory law and BSO policies and procedures which prevent an unreasonable and unconstitutional seizure of Gerstenhaber's personal property thereby depriving said Plaintiff of the Ring.

139.    Defendant BEALE committed the aforedescribed acts in his official capacity as a deputy of the Defendant BSO while acting in the course and scope of his employment with the Defendant BSO.

140.    Defendant BSO is vicariously liable for the wrongful conduct and negligence of its agents, servants and/or employees, including BEALE.

141.    At the aforesaid time and place, Defendant BEALE wrongfully subjected Gerstenhaber to an unreasonable seizure  in violation of the Fourth Amendment and Florida law and unreasonably deprived Plaintiff of the value of the Ring.

142.    At no time did Gerstenhaber commit any offense against the laws of the State of Florida including any such crime or violation of Florida Statutes for which the use of force as described herein may be lawfully justified.

143.    At all times material hereto, Gerstenhaber was unarmed and not a threat to the Defendants.

144.    At no time thereafter, did any of the Defendants charge Gerstenhaber with resisting an

CASE NO.:

officer with or without violence, pursuant to Florida Statutes.

**B. Factual Allegations Regarding Defendant, BSO**

145.    At all times material hereto, Defendant BSO was on notice of the fact that a pattern and practice of excessive force exists within the BSO and BSO Department of Detention, and that members of the citizenry are the victims of excessive force committed by the BSO deputies in violation of the Fourth Amendment.

146.    Defendant BSO's deputies are allowed to commit excessive force with impunity knowing that officers are unlikely to face disciplinary actions as a result of their use of excessive force based on BSO's failure to remedy a pattern of constitutional violations that continue to occur at the hands of the BSO's deputies.

147.    Defendants BRINKLEY, GABRIEL, AUSTIN-GAINES, WILLIAMS, and GALINDEZ are comfortable in the knowledge that any acts of excessive force that they commit are unlikely to result in discipline even when the act of excessive force occurs within the Department of Detention, including at the Broward County Jail. Therefore the lack of discipline for excessive force allowed Defendants BRINKLEY, GABRIEL, AUSTIN-GAINES, WILLIAMS, and GALINDEZ to commit excessive force against Gerstenhaber because they knew that official reprisals for their actions against Gerstenhaber would be unlikely.

148.    BSO is on notice through the clear action of excessive force committed against Gerstenhaber in this action.

149.    At all times material hereto, there was a pervasive failure by BSO, by and through its officers agents, and employees, specifically Sheriff Israel, as ultimate policy maker for BSO, to train, discipline, and eradicate a widespread abuse of systemic constitutional excessive force violations that although not authorized by written law or express municipal policy are so permanent and well settled as to constitute a custom or usage with the force of law.

150.    At all times material hereto, there existed in the BSO a de facto policy or custom of permitting excessive force by its deputies which rose to the level of a constitutional violation based on an ongoing pattern of constitutional excessive force violations under the Fourth Amendment that the BSO failed to remedy.

151.    Further, the BSO was on actual and constructive notice of a systemic pattern of excessive force being committed against the citizenry by its deputies through the following specific acts:

(a)    Case No. PC#04-174C: On June 20, 2003, Sergeant Luis Galindez, and Deputies Todd Rich, Robert Trawinski, and James Cady, physically assaulted inmate Joshua Spicy in a holding

CASE NO.:

cell in Central Intake on the second floor of the Main Jail. More specifically, Inmate Spicy, who was arrested for an alleged probation violation, stated that he was "badly brutalized" by the BSO deputies and sustained a half inch laceration above the left eye, swollen left jaw, and contusions to the left rib cage area from the beating. It is further alleged that Defendant Galindez kicked Inmate Spicy in the back. Since Inmate Spicy plead guilty to resisting a law enforcement officer with violence as an alternative of going to trial for battery on a law enforcement officer, no officer received any discipline for battering inmate Spicy.

(b)    Case No. PC#06-123: On August 29 ,2004, Sergeant Luis Galindez, Deputy Admirald Harrison, and Deputy Lauren Williams, were involved in a use of force incident involving Inmate Richard Singletary, who was in a single person search cell at Central Intake because he had been reported to be violent prior to arriving at the jail. Due to the inmate's alleged uncooperative nature during the booking process, he was placed in a search cell until he calmed down. Sergeant Galindez elected to enter the cell as a show of force to gain compliance from Inmate Singletary. Sergeant Galindez opened the cell door as Deputy Harrison utilized force and pepper sprayed Inmate Singletary despite no threat or provocation from Inmate Singletary as a means of punishment to encourage cooperation. Thereafter, five deputies including Sergeant Galindez entered the search cell and closed the cell door behind them and Deputy Harrison again sprayed the inmate with pepper spray. They thereafter took the inmate to the ground. Sergeant Galindez prepared an inaccurate and untruthful event report and authorized deputies including Deputy Harrison to submit an inaccurate and untruthful event report. He only received three days of suspension without any supervisor training in regards to the subject incident where Sergeant Galindez knowingly falsified a report and allowed his employee to falsify a report to excuse their improper use of force against an inmate. Deputy Harrison was exonerated in regards to his use of force and only was reprmanded for failing to meet BSO standards but not in regards to any allegation of untruthfulness.

(c)    Case No. PC#06-146: On October 26, 2005, Sergeant Luis Galindez deployed pepper spray at inmate Anthony Garland and also struck Garland in the face with closed fists. Sergeant Galindez did not receive any discipline nor training  for his use of force against Inmate Garland.

(d)    Case No. PC#06-358A: On July 24, 2006, after being escorted into a hallway by Deputy Todd Rich, Sergeant Galindez and Deputy Bennett allegedly  "jumped" inmate Beeman and fractured his nose and right arm.

(e)    Case No. IAC#07-090: On November 21, 2006, Inmate Osmil Diaz was assaulted by Sergeant Luis Galindez in the facility's intake area while being prepared to be transported to Court causing injuries to the left side of his face.

(f)    Case No. IA #05-13-00505: On May 16, 2013, Sergeant Luis Galindez was present during the strip search of a female inmate, Mariano Palenzuela. Sergeant Galindez, while wearing gloves entered the search cell, closed the cell door, and told Inmate Palenzuela to bend over and squat three or four more times, while Palenzuela was completely naked, during which Sergeant Galindez was licking his lips and flirting.  Sergeant Galindez entered the cell during a strip search despite the fact that another female supervisor was available under the

CASE NO.:

pretenses that he was Bravo shipt booking sergeant and that he is not going to pass off his responsibility to another sergeant. Sergeant Galindez was suspended but only for one day as a result of the incident but was not reprimanded or provided with any counseling.

(g)     United States Southern District of Florida Case No. 14-60173: On May 25, 2012, Inmate Lauren Militello after being transported to the Broward County Jail and brought into the booking area and without any provocation or threat was assaulted and battered by BSO Deputy Daly England while Deputies Fann, Morel, and Polk watched. More specifically, BSO Deputy Daly-England pushed inmate Militello into a wall causing her to fall to the ground and then grabbed her by the hair and dragged her across the floor into a search room. Immediately thereafter, Deputy Daly-England punched Militello repeatedly in the face causing her to lose consciousness until she suffered a seizure and started to bleed from her nose.

(h)     United States Southern District of Florida Case No. Case No.:18-60534: On April 2, 2014, Inmate Audra West was physically beaten and assaulted by BSO Deputy Kristin Connelly, after she asked for a tampon after she was arrested and brought to Pompano Beach Jail for disorderly intoxication, trespassing, and resisting arrested. More specifically, Inmate West without any provocation or threat, was dragged into a search room by BSO Deputy Connelly and then beaten suffering injuries to her face and body. In addition, BSO deputies not only observed the beating without intervening but participated in the beating. Following the incident, the BSO deputies were exonerated for their conduct.

(i)     United States Southern District of Florida Case No. Case No.:14-62095 / 16-63017: On or about March 14, 2013, Inmate Eric Watkins while in booking at the Broward County Main Jail was physically assaulted and battered by BSO deputies, including Luis Galindez, after verbally expressing himself about his dislike for law enforcement. More specifically, BSO deputies punched, stomped, and kicked Inmate Watkins over his face and body while in a search cell causing injuries to the right side of his face, his nose, shoulder, and lower back based on his alleged failure to obey an order given by the BSO deputies.

152.    Further, BSO was on notice of the fact that as a major metropolitan area that the use of force by its deputies and officers, including within its facilities such as the Broward County Jail, is an inevitable occurrence. As such BSO has a duty to ensure that its officers and deputies are adequately trained in the use of force. However, previous incidents by BSO deputies, specifically within the Department of Detention placed BSO on notice that more training in the area of force was necessary.

153.    BSO has failed to have live training exercises to train its officers and deputies on the use of excessive force in tense real life circumstances. As a result officers unconstitutionally engage in excessive force manhandling detained individuals within their facilities as a means of punishment causing unwarranted escalation of events, serious injury and death.

154.    BSO offices and deputies don't have the necessary training to know when facts have arisen

CASE NO.:

to cause them to reasonably believe that excessive force is necessary to prevent serious injury to themselves and others. Without adequate training on the tense ever changing circumstances of real life encounters, BSO officers and deputies inflict unnecessary and unreasonable force upon individuals and detainees because they have no training to help them to rationally assess a situation as an imminent threat of harm.

155.   The cases referenced above placed BSO on notice of its need for more or different training to deal with the inappropriate and unconstitutional application of force within the Department of Detention.

156.   Defendant BSO's actions and inactions described above were taken under color of law and in violation of the Constitution of the United States and 42 U.S.C. § 1983.

157.   As a direct result of the actions of Defendant BSO and Defendants BRINKLEY, AUSTIN-GAINES, WILLIAMS, GABRIEL, GALINDEZ, and JEAN BAPTISTE, Plaintiff Gerstenhaber suffered a violation of her constitutional rights under the Fourth Amendment to the United States Constitution, severe and permanent injuries, pain and suffering, expenses of hospitalization and medical care in the past and future, loss of the ability to enjoy life, and aggravation of a preexisting condition.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM**
**Violation of the Fourth and Fourteenth Amendments to the United States Constitution**
*(Against BSO)*

158.   Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

159.   Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, BSO, by and through its final policy makers, officers, agents, servants, and/or employees, in connection with the unconstitutional use of excessive force.

160.   At all times material hereto, Defendants BRINKLEY, GABRIEL, AUSTIN-GAINES, WILLIAMS, and/or GALINDEZ , were acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

161.   All of the acts described herein deprived Plaintiff Gerstenhaber of rights secured to her by the United States Constitution; specifically, the right secured to Gerstenhaber by the Fourth Amendment to the United States Constitution, by subjecting her to an unreasonable search and seizure.

162.   At all times material hereto, Defendant BSO encouraged, permitted, tolerated, and ratified a pattern and practice of unjustified, unreasonable and illegal use of force against citizens and detainees by officers and deputies in that:

CASE NO.:

(a)     Defendant BSO failed to prosecute or use discipline in circumstances involving the obvious excessive use of force;

(b)     Defendant BSO refused to investigate complaints of previous incidents involving wrongful and excessive use of force and instead, officially claimed that such incidents were justified and proper;

(c)     Defendant BSO, by means of both inaction and cover up of such incidents, encouraged officers and deputies employed by it to believe that unwarranted use of force was acceptable to the BSO, and its final policy makers, officers, agents, and/or employees.

163.    Defendant BSO has maintained no (or an inadequate) system of review for use of force incidents; this lack of a system or inadequate system has resulted in a failure to identify instances of excessive use of force or to discipline, more closely supervise, or retrain officers and deputies who engaged in improper and excessive use of force.

164.    On information and belief, these systemic deficiencies include but are not limited to:

(a)     Preparation of investigative reports that are designed to vindicate the use of force, regardless of whether such use is justified;

(b)     Failure to maintain an adequate early warning system;

(c)     Preparation of investigative reports which uncritically rely solely on the word of officers and deputies involved in incidents and which systematically fail to credit testimony by non-police officer witnesses and victims;

(d)     Preparation of investigative reports which omit factual information and physical evidence that contradicts the accounts of the officers involved;

(e)     Issuance of public statements exonerating officers and deputies involved in such incidents prior to conducting a full and fair investigation;

(f)     Failure to review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradict such evidence.

165.    Defendant BSO also maintains a system of grossly inadequate training pertaining to the law of permissible use of force.

166.    The lack of training in booking and detention scenarios and real life encounters, caused Defendants BRINKLEY, GABRIEL, AUSTIN-GAINES, WILLIAMS, and GALINDEZ to not have the acumen to understand that no factors existed to allow for the implementation of force.

167.    The lack of training by BSO to Defendants BRINKLEY, GABRIEL, AUSTIN-GAINES,

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

WILLIAMS, and GALINDEZ was inadequate and caused Defendants to physically assault and pepper spray Gerstenhaber, while handcuffed, thereby causing her severe and permanent injuries.

168.     Defendant BSO, violated Plaintiff, Gerstenhaber's, Fourth Amendment rights by allowing a custom of excessive force against the citizenry for years prior to the subject incident involving Gerstenhaber. The commission of excessive force by BSO, by and through its officers and deputies, became an unwritten policy of the BSO, through its continued pervasiveness by BSO without any meaningful sanctions by the BSO for the use of excessive force.

169.     Defendants BRINKLEY, GABRIEL, AUSTIN-GAINES, WILLIAMS, and GALINDEZ were free to commit excessive force knowing that BSO would not sanction any excessive force they committed. Thus, when Defendants without any forethought engaged in physically assaulting and pepper spraying Gerstenhaber as a means of punishment for failing to remover the Ring, without any provocation or engagement by Gerstenhaber that would place them in imminent harm or in an emergent situation — they would be comfortable in knowing that their job was not at risk and that no sanctions or discipline would follow.

170.     The pervasive nature of excessive force within the BSO caused injury to Plaintiff Gerstenhaber at the hands of BSO deputies who had no fear of reprisals from their unconstitutional actions thereby resulting in their excessive use of force and punishment of Gerstenhaber.

171.     The acts, omissions, and systemic deficiencies as described herein are policies, practices, and customs of the BSO, which had the result of teaching BSO deputies, including Defendants BRINKLEY, GABRIEL, AUSTIN-GAINES, WILLIAMS, and GALINDEZ, that they could use whatever force they felt necessary against citizens and detainees, regardless of the law, with impunity.

172.     Defendant BSO, by and through its final policy makers, officers, agents, servants, and/or employees, had a duty to train, supervise, control, and otherwise ensure that the constitutional rights of persons such as Plaintiff Gerstenhaber were not violated.

173.     Defendant BSO, by and through its final policy makers, officers, agents, servants, and/or employees, abdicated its policy making and oversight responsibilities, thereby allowing and making foreseeable the circumstances to which Gerstenhaber was exposed.

174.     As a direct and proximate result of the acts, omissions, customs, practices, and policies of Defendant BSO, by and through its final policy makers, officers, agents, servants, and/or employees, as set forth above, which were the moving force behind the constitutional violations complained of, the Plaintiff, Gerstenhaber has been caused to suffer deprivations of her constitutional rights, severe, grievous and

CASE NO.:

permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

175.    The acts of the Defendant BSO, as described herein, have forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant BSO for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM
### EXCESSIVE USE OF FORCE
### Violation of the Fourth and Fourteenth Amendments to the United States Constitution
### (Against BERNADETTE BRINKLEY, Individually)

176.    Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

177.    Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, BRINKLEY, by subjecting Gerstenhaber to the excessive use of force.

178.    At all times material hereto, Defendant BRINKLEY, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

179.    At all times material hereto, Gerstenhaber maintained the right to be free from the excessive use of force, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

180.    The actions of the Defendant, BRINKLEY, as stated above, involved the use of excessive force, which violated Plaintiff's Fourth and Fourteenth Amendment Rights, pursuant to the United States Constitution.

181.    Defendant BRINKLEY violated 42 U.S.C. § 1983 by intentionally and unnecessarily physically attacking Gerstenhaber without provocation, including holding her down, and beating her until she urinated on herself, in a manner that was disproportionate to the force necessary to address Gerstenhaber's hesitancy on removing the Ring and/or to obtain compliance.

CASE NO.:

182.    The use of force at the level used herein was objectively unreasonable under the circumstances. More specifically, Plaintiff Gerstenhaber, was unarmed inside a holding cell within the Broward County Jail, restrained, and had not taken any action against BRINKLEY or any other BSO deputy that would cause BRINKLEY or any other BSO deputy to feel threatened or fear any imminent physical harm to justify the use of force as described herein, nor did she commit any offense against the laws of the State of Florida for which the use of force as described herein may be lawfully justified.

183.    Defendant BRINKLEY while acting in her capacity as a law enforcement officer for the BSO and under color of law used excessive force to punish Gerstenhaber who was unarmed, restrained, detained within a holding cell at the Broward County Jail, and posed no real threat of serious injury or bodily harm to Defendant BRINKLEY or any BSO officers.

184.    All of the acts described herein deprived Gerstenhaber of rights secured to her by the United States Constitution; specifically the right secured to Gerstenhaber by the Fourth Amendment to the United States Constitution to not being subjected to the excessive use of force.

185.    As a direct and proximate result of the unconstitutional act of Defendant BRINKLEY, Plaintiff, Gerstenhaber suffered deprivations of her constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

186.    The acts of the Defendant BRINKLEY, as described herein, have forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant BRINKLEY for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM
### EXCESSIVE USE OF FORCE
### Violation of the Fourth and Fourteenth Amendments to the United States Constitution
### *(Against DAWNA AUSTIN-GAINES, Individually)*

187.    Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully

CASE NO.:

herein.

188.    Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, AUSTIN-GAINES, by subjecting Gerstenhaber to the excessive use of force.

189.    At all times material hereto, Defendant AUSTIN-GAINES, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

190.    At al times material hereto, Gerstenhaber maintained the right to be free from the excessive use of force, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution

191.    The actions of the Defendant, AUSTIN-GAINES, as stated above, involved the use of excessive force, which violated Plaintiff's Fourth and Fourteenth Amendment Rights, pursuant to the United States Constitution.

192.    Defendant AUSTIN-GAINES violated 42 U.S.C. § 1983 by intentionally and unnecessarily pepper spraying and physically attacking Gerstenhaber without provocation, including holding her down, and beating her until she urinated on herself, in a manner that was disproportionate to the force necessary to address Gerstenhaber's hesitancy on removing the Ring and/or to obtain compliance.

193.    The use of force at the level used herein was objectively unreasonable under the circumstances. More specifically, Plaintiff Gerstenhaber, was unarmed inside a holding cell within the Broward County Jail, restrained, and had not taken any action against AUSTIN-GAINES or any other BSO deputy that would cause AUSTIN-GAINES or any other BSO deputy to feel threatened or fear any imminent physical harm to justify the use of force as described herein, nor did she commit any offense against the laws of the State of Florida for which the use of force as described herein may be lawfully justified.

194.    Defendant AUSTIN GAINES while acting in her capacity as a law enforcement officer for the BSO and under color of law used excessive force to punish Gerstenhaber who was unarmed, restrained, detained within a holding cell at the Broward County Jail, and posed no real threat of serious injury or bodily harm to Defendant AUSTIN GAINES or any BSO officers.

195.    All of the acts described herein deprived Gerstenhaber of rights secured to her by the United States Constitution; specifically the right secured to Gerstenhaber by the Fourth Amendment to the United States Constitution to not be subjected to the excessive use of force.

196.    As a direct and proximate result of the unconstitutional act of Defendant AUSTIN GAINES, Plaintiff, Gerstenhaber suffered deprivations of her constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss

CASE NO.:

of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

197.     The acts of the Defendant AUSTIN GAINES, as described herein, have forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant AUSTIN GAINES for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

**FOURTH CAUSE OF ACTION**
**42 U.S.C. § 1983 –  CIVIL RIGHTS VIOLATION CLAIM**
**EXCESSIVE USE OF FORCE**
**Violation of the Fourth and Fourteenth Amendments to the United States Constitution**
*(Against CAMEO WILLIAMS, Individually)*

198.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

199.     Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, WILLIAMS, by subjecting Gerstenhaber to the excessive use of force.

200.     At all times material hereto, Defendant WILLIAMS, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

201.     At al times material hereto, Gerstenhaber maintained the right to be free from the excessive use of force, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution

202.     The actions of the Defendant, WILLIAMS, as stated above, involved the use of excessive force, which violated Plaintiff's Fourth and Fourteenth Amendment Rights, pursuant to the United States Constitution.

203.     Defendant WILLIAMS violated 42 U.S.C. § 1983 by intentionally and unnecessarily pepper spraying and physically attacking Gerstenhaber without provocation, including holding her down, and beating her until she urinated on herself, in a manner that was disproportionate to the force necessary to address Gerstenhaber's hesitancy on removing the Ring and/or to obtain compliance.

204.     The use of force at the level used herein was objectively unreasonable under the

CASE NO.:

circumstances. More specifically, Plaintiff Gerstenhaber, was unarmed inside a holding cell within the Broward County Jail, restrained, and had not taken any action against WILLIAMS or any other BSO deputy that would cause WILLIAMS or any other BSO deputy to feel threatened or fear any imminent physical harm to justify the use of force as described herein, nor did she commit any offense against the laws of the State of Florida for which the use of force as described herein may be lawfully justified.

205.    Defendant WILLIAMS while acting in her capacity as a law enforcement officer for the BSO and under color of law used excessive force to punish Gerstenhaber who was unarmed, restrained, detained within a holding cell at the Broward County Jail, and posed no real threat of serious injury or bodily harm to Defendant WILLIAMS or any BSO officers.

206.    All of the acts described herein deprived Gerstenhaber of rights secured to her by the United States Constitution; specifically the right secured to Gerstenhaber by the Fourth Amendment to the United States Constitution to not being subjected to the excessive use of force.

207.    As a direct and proximate result of the unconstitutional act of Defendant WILLIAMS, Plaintiff, Gerstenhaber suffered deprivations of her constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

208.    The acts of the Defendant WILLIAMS, as described herein, have forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant WILLIAMS for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### FIFTH CAUSE OF ACTION
### 42 U.S.C. § 1983 –  CIVIL RIGHTS VIOLATION CLAIM
### EXCESSIVE USE OF FORCE
### Violation of the Fourth and Fourteenth Amendments to the United States Constitution
### *(Against NEDRA GABRIEL, Individually)*

209.    Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

210.    Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983

CASE NO.:

for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, GABRIEL, by subjecting Gerstenhaber to the excessive use of force.

211.    At all times material hereto, Defendant GABRIEL, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

212.    At al times material hereto, Gerstenhaber maintained the right to be free from the excessive use of force, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution

213.    The actions of the Defendant, GABRIEL, as stated above, involved the use of excessive force, which violated Plaintiff's Fourth and Fourteenth Amendment Rights, pursuant to the United States Constitution.

214.    Defendant GABRIEL violated 42 U.S.C. § 1983 by intentionally and unnecessarily physically attacking Gerstenhaber without provocation, including holding her down, and beating her until she urinated on herself, in a manner that was disproportionate to the force necessary to address Gerstenhaber's hesitancy on removing the Ring and/or to obtain compliance.

215.    The use of force at the level used herein was objectively unreasonable under the circumstances. More specifically, Plaintiff Gerstenhaber, was unarmed inside a holding cell within the Broward County Jail, restrained, and had not taken any action against GABRIEL or any other BSO deputy that would cause GABRIEL or any other BSO deputy to feel threatened or fear any imminent physical harm to justify the use of force as described herein, nor did she commit any offense against the laws of the State of Florida for which the use of force as described herein may be lawfully justified.

216.    Defendant GABRIEL while acting in her capacity as a law enforcement officer for the BSO and under color of law used excessive force to punish Gerstenhaber who was unarmed, restrained, detained within a holding cell at the Broward County Jail, and posed no real threat of serious injury or bodily harm to Defendant GABRIEL or any BSO officers.

217.    All of the acts described herein deprived Gerstenhaber of rights secured to her by the United States Constitution; specifically the right secured to Gerstenhaber by the Fourth Amendment to the United States Constitution to not being subjected to the excessive use of force.

218.    As a direct and proximate result of the unconstitutional act of Defendant GABRIEL, Plaintiff, Gerstenhaber suffered deprivations of her constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are

CASE NO.:

continuing in nature and the Plaintiff will suffer such losses in the future.

219.     The acts of the Defendant GABRIEL, as described herein, have forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant GABRIEL for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

**SIXTH CAUSE OF ACTION**
**42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM**
**EXCESSIVE USE OF FORCE**
**Violation of the Fourth and Fourteenth Amendments to the United States Constitution**
***(Against LUIS GALINDEZ, Individually)***

220.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

221.     Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, GALINDEZ, by subjecting Gerstenhaber to the excessive use of force.

222.     At all times material hereto, Defendant GALINDEZ, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

223.     At al times material hereto, Gerstenhaber maintained the right to be free from the excessive use of force, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution

224.     The actions of the Defendant, GALINDEZ, as stated above, involved the use of excessive force, which violated Plaintiff's Fourth and Fourteenth Amendment Rights, pursuant to the United States Constitution.

225.     Defendant GALINDEZ violated 42 U.S.C. § 1983 by intentionally and unnecessarily physically attacking Gerstenhaber without provocation, including holding her down, and beating her until she urinated on herself, in a manner that was disproportionate to the force necessary to address Gerstenhaber's hesitancy on removing the Ring and/or to obtain compliance.

226.     The use of force at the level used herein was objectively unreasonable under the circumstances. More specifically, Plaintiff Gerstenhaber, was unarmed inside a holding cell within the Broward County Jail, restrained, and had not taken any action against GALINDEZ or any other BSO deputy that would cause GALINDEZ or any other BSO deputy to feel threatened or fear any imminent physical harm

CASE NO.:

to justify the use of force as described herein, nor did she commit any offense against the laws of the State of Florida for which the use of force as described herein may be lawfully justified.

227.     Defendant GALINDEZ while acting in her capacity as a law enforcement officer for the BSO and under color of law used excessive force to punish Gerstenhaber who was unarmed, restrained, detained within a holding cell at the Broward County Jail, and posed no real threat of serious injury or bodily harm to Defendant GALINDEZ or any BSO officers.

228.     All of the acts described herein deprived Gerstenhaber of rights secured to her by the United States Constitution; specifically the right secured to Gerstenhaber by the Fourth Amendment to the United States Constitution to not being subjected to the excessive use of force.

229.     As a direct and proximate result of the unconstitutional act of Defendant GALINDEZ, the Plaintiff, Gerstenhaber suffered deprivations of her constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

230.     The acts of the Defendant GALINDEZ, as described herein, have forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant GALINDEZ for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### SEVENTH CAUSE OF ACTION
### 42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM
### UNREASONABLE SEARCH AND SEIZURE / INVASION OF PRIVACY
### Violation of the Fourth and Fourteenth Amendments to the United States Constitution
### *(Against BERNADETTE BRINKLEY, Individually)*

231.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

232.     Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, BRINKLEY, by subjecting Gerstenhaber to an unreasonable search and seizure and invasion of her privacy.

CASE NO.:

232.    At all times material hereto, Defendant BRINKLEY, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

233.    At all times material hereto, Gerstenhaber maintained the right to be free from an unreasonable search and seizure and the invasion of her privacy, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

234.    At all times material hereto, Gerstenhaber also possessed an expectation of privacy in her body, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

235.    The actions of the Defendant, BRINKLEY, as stated above, involved a deliberate unreasonable strip search of Gerstenhaber, as Brinkley performed the strip search together with a male BSO deputy, after Gerstenhaber had only been charged with misdemeanor offenses that were not violent in nature, which violated Plaintiff's Fourth and Fourteenth Amendment Rights, pursuant to the United States Constitution.

236.    Defendant BRINKLEY violated 42 U.S.C. § 1983 by intentionally and unnecessarily participating and exacting a strip search on Gerstenhaber together with a male BSO deputy, in a manner that violates section 901.211 of the Florida Statutes and BSO policies and procedures for no legitimate penological purpose and/or for the purpose of harassing, intimidating, and/or punishing Gerstenhaber.

237.    The unreasonable search and invasion of Gerstenhaber's bodily privacy interests was objectively unreasonable under the circumstances. More specifically, Plaintiff Gerstenhaber, was unarmed inside a holding cell within the Broward County Jail, restrained, and had not taken any action against BRINKLEY or any other BSO deputy that would cause BRINKLEY or any other BSO deputy to feel threatened or fear any imminent physical harm to justify the need for a male deputy's participation in a strip search of a female individual, especially where three other female deputies were involved in the search and two other female deputies were available to assist if necessary.

238.    Defendant BRINKLEY while acting in her capacity as a law enforcement officer for the BSO and under color of law engaged in an unreasonable strip search and invaded Gerstenhaber bodily privacy interests by performing an unauthorized deliberate and unreasonable strip search on Gerstenhaber together with a male BSO deputy where Gerstenhaber's breasts and genitalia were exposed to correction officers of the opposite sex.

239.    All of the acts described herein deprived Gerstenhaber of rights secured to her by the United States Constitution; specifically the right secured to Gerstenhaber by the Fourth Amendment to the United States Constitution to not being subjected to an unreasonable strip search and invasion of privacy and having

CASE NO.:

her breasts and genitalia exposed to male correction officers.

240. As a direct and proximate result of the unconstitutional act of Defendant BRINKLEY, Plaintiff, Gerstenhaber has been caused to suffer deprivations of her constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

241. The acts of the Defendant BRINKLEY, as described herein, have forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant BRINKLEY for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### EIGHTH CAUSE OF ACTION
### 42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM
### UNREASONABLE SEARCH AND SEIZURE / INVASION OF PRIVACY
### Violation of the Fourth and Fourteenth Amendments to the United States Constitution
### (Against DAWNA AUSTIN GAINES, Individually)

242. Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

243. Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, AUSTIN-GAINES, by subjecting Gerstenhaber to an unreasonable search and seizure and invasion of her privacy.

244. At all times material hereto, Defendant AUSTIN-GAINES, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

245. At all times material hereto, Gerstenhaber maintained the right to be free from an unreasonable search and seizure and the invasion of her privacy, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

246. At all times material hereto, Gerstenhaber also possessed an expectation of privacy in her body, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

CASE NO.:

247.   The actions of the Defendant, AUSTIN-GAINES, as stated above, involved a deliberate unreasonable strip search of Gerstenhaber, as AUSTIN-GAINES performed the strip search together with a male BSO deputy after Gerstenhaber had only been charged with misdemeanor offenses that were not violent in nature, which violated Plaintiff's Fourth and Fourteenth Amendment Rights, pursuant to the United States Constitution.

248.   Defendant AUSTIN-GAINES violated 42 U.S.C. § 1983 by intentionally and unnecessarily participating and exacting a strip search on Gerstenhaber together with a male BSO deputy, in a manner that violates section 901.211 of the Florida Statutes and BSO policies and procedures for no legitimate penological purpose and/or for the purpose of harassing, intimidating, and/or punishing Gerstenhaber.

249.   The unreasonable search and invasion of Gerstenhaber's bodily privacy interests was objectively unreasonable under the circumstances. More specifically, Plaintiff Gerstenhaber, was unarmed inside a holding cell within the Broward County Jail, restrained, and had not taken any action against AUSTIN-GAINES or any other BSO deputy that would cause AUSTIN-GAINES or any other BSO deputy to feel threatened or fear any imminent physical harm  to justify the need for a male deputy's participation in a strip search of a female individual, especially where three other female deputies were involved in the search and two other female deputies were available to assist if necessary.

250.   Defendant AUSTIN-GAINES while acting in her capacity as a law enforcement officer for the BSO and under color of law engaged in an unreasonable strip search and invaded Gerstenhaber bodily privacy interests  by performing an unauthorized deliberate and unreasonable strip search on Gerstenhaber together with a male BSO deputy where Gerstenhaber's breasts and genitalia were exposed to correction officers of the opposite sex.

251.   All of the acts described herein deprived Gerstenhaber of rights secured to her by the United States Constitution; specifically the right secured to Gerstenhaber by the Fourth Amendment to the United States Constitution to not being subjected to an unreasonable strip search and invasion of privacy and having her breasts and genitalia exposed to a male corrections officer.

252.   As a direct and proximate result of the unconstitutional act of Defendant AUSTIN-GAINES, Plaintiff, Gerstenhaber has been caused to suffer deprivations of her constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

CASE NO.:

253.     The acts of the Defendant AUSTIN-GAINES, as described herein, have forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant AUSTIN-GAINES for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

**NINTH CAUSE OF ACTION**
**42 U.S.C. § 1983 –  CIVIL RIGHTS VIOLATION CLAIM**
**UNREASONABLE SEARCH AND SEIZURE / INVASION OF PRIVACY**
**Violation of the Fourth and Fourteenth Amendments to the United States Constitution**
***(Against CAMEO WILLIAMS, Individually)***

254.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

255.     Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, WILLIAMS, by subjecting Gerstenhaber to an unreasonable search and seizure and invasion of her privacy.

256.     At all times material hereto, Defendant WILLIAMS, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

257.     At all times material hereto, Gerstenhaber maintained the right to be free from an unreasonable search and seizure and the invasion of her privacy, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

258.     At all times material hereto, Gerstenhaber also possessed an expectation of privacy in her body, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

259.     The actions of the Defendant, WILLIAMS, as stated above, involved a deliberate unreasonable strip search of Gerstenhaber, as WILLIAMS performed the strip search  together with a male BSO deputy, after Gerstenhaber had only been charged with misdemeanor offenses that were not violent in nature, which violated Plaintiff's Fourth and Fourteenth Amendment Rights, pursuant to the United States Constitution.

260.     Defendant WILLIAMS violated 42 U.S.C. § 1983 by intentionally and unnecessarily participating and exacting a strip search on Gerstenhaber together with a male BSO deputy,  in a manner that violates section 901.211 of the Florida Statutes and BSO policies and procedures for no legitimate

CASE NO.:

penological purpose and/or for the purpose of harassing, intimidating, and/or punishing Gerstenhaber.

261.    The unreasonable search and invasion of Gerstenhaber's bodily privacy interests was objectively unreasonable under the circumstances. More specifically, Plaintiff Gerstenhaber, was unarmed inside a holding cell within the Broward County Jail, restrained, and had not taken any action against WILLIAMS or any other BSO deputy that would cause WILLIAMS or any other BSO deputy to feel threatened or fear any imminent physical harm to justify the need for a male deputy's participation in a strip search of a female individual, especially where three other female deputies were involved in the search and two other female deputies were available to assist if necessary.

262.    Defendant WILLIAMS while acting in her capacity as a law enforcement officer for the BSO and under color of law engaged in an unreasonable strip search and invaded Gerstenhaber bodily privacy interests by performing an unauthorized deliberate and unreasonable strip search on Gerstenhaber together with a male BSO deputy, where Gerstenhaber's breasts and genitalia were exposed to correction officers of the opposite sex.

263.    All of the acts described herein deprived Gerstenhaber of rights secured to her by the United States Constitution; specifically the right secured to Gerstenhaber by the Fourth Amendment to the United States Constitution to not being subjected to an unreasonable strip search and invasion of privacy by having her breasts and genitalia exposed to male correction officers.

264.    As a direct and proximate result of the unconstitutional act of Defendant WILLIAMS, Plaintiff, Gerstenhaber has been caused to suffer deprivations of her constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

265.    The acts of the Defendant WILLIAMS, as described herein, have forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant WILLIAMS for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

CASE NO.:

## TENTH CAUSE OF ACTION
## 42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM
## UNREASONABLE SEARCH AND SEIZURE / INVASION OF PRIVACY
### Violation of the Fourth and Fourteenth Amendments to the United States Constitution
### *(Against NEDRA GABRIEL, Individually)*

266.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

267.     Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, GABRIEL, by subjecting Gerstenhaber to an unreasonable search and seizure and invasion of her privacy.

268.     At all times material hereto, Defendant GABRIEL, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

269.     At all times material hereto, Gerstenhaber maintained the right to be free from an unreasonable search and seizure and the invasion of her privacy, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

270.     At all times material hereto, Gerstenhaber also possessed an expectation of privacy in her body, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

271.     The actions of the Defendant, GABRIEL, as stated above, involved a deliberate unreasonable strip search of Gerstenhaber as GABRIEL performed the strip search together with a male BSO deputy, after Gerstenhaber had only been charged with misdemeanor offenses that were not violent in nature, which violated Plaintiff's Fourth and Fourteenth Amendment Rights, pursuant to the United States Constitution.

272.     Defendant GABRIEL violated 42 U.S.C. § 1983 by intentionally and unnecessarily participating and exacting a strip search on Gerstenhaber together with a male BSO deputy, in a manner that violates section 901.211 of the Florida Statutes and BSO policies and procedures for no legitimate penological purpose and/or for the purpose of harassing, intimidating, and/or punishing Gerstenhaber.

273.     The unreasonable search and invasion of Gerstenhaber's bodily privacy interests was objectively unreasonable under the circumstances. More specifically, Plaintiff Gerstenhaber, was unarmed inside a holding cell within the Broward County Jail, restrained, and had not taken any action against GABRIEL or any other BSO deputy that would cause GABRIEL or any other BSO deputy to feel threatened or fear any imminent physical harm to justify the need for a male deputy's participation in a strip search of a female individual, especially where three other female deputies were involved in the search and two other female deputies were available to assist if necessary.

CASE NO.:

274.     Defendant GABRIEL while acting in her capacity as a law enforcement officer for the BSO and under color of law engaged in an unreasonable strip search and invaded Gerstenhaber bodily privacy interests by performing an unauthorized deliberate and unreasonable strip search on Gerstenhaber together with a male BSO deputy where Gerstenhaber's breasts and genitalia were exposed to correction officers of the opposite sex.

275.     All of the acts described herein deprived Gerstenhaber of rights secured to her by the United States Constitution; specifically the right secured to Gerstenhaber by the Fourth Amendment to the United States Constitution to not being subjected to an unreasonable strip search and invasion of privacy and having her breasts and genitalia exposed to male correction officers.

276.     As a direct and proximate result of the unconstitutional act of Defendant GABRIEL, Plaintiff, Gerstenhaber has been caused to suffer deprivations of her constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

277.     The acts of the Defendant GABRIEL, as described herein, have forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant GABRIEL for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### ELEVENTH CAUSE OF ACTION
### 42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM
### UNREASONABLE SEARCH AND SEIZURE / INVASION OF PRIVACY
### Violation of the Fourth and Fourteenth Amendments to the United States Constitution
### *(Against LUIS GALINDEZ, Individually)*

278.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

279.     Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, GALINDEZ, by subjecting Gerstenhaber to an unreasonable search and seizure and invasion of her privacy.

CASE NO.:

280.   At all times material hereto, Defendant GALINDEZ, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

281.   At all times material hereto, Gerstenhaber maintained the right to be free from an unreasonable search and seizure and the invasion of her privacy, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

282.   At all times material hereto, Gerstenhaber also possessed an expectation of privacy in her body, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

283.   The actions of the Defendant, GALINDEZ, as stated above, involved a deliberate unreasonable strip search of Gerstenhaber, after Gerstenhaber had only been charged with misdemeanor offenses that were not violent in nature, which violated Plaintiff's Fourth and Fourteenth Amendment Rights, pursuant to the United States Constitution.

284.   Defendant GALINDEZ violated 42 U.S.C. § 1983 by intentionally and unnecessarily participating, exacting, and observing a strip search on Gerstenhaber, a female, despite being a male BSO deputy, in a manner that violates section 901.211 of the Florida Statutes and BSO policies and procedures for no legitimate penological purpose and/or for the purpose of harassing, intimidating, and/or punishing Gerstenhaber.

285.   The unreasonable search and invasion of Gerstenhaber's bodily privacy interests was objectively unreasonable under the circumstances. More specifically, Plaintiff Gerstenhaber, was unarmed inside a holding cell within the Broward County Jail, restrained, and had not taken any action against GALINDEZ or any other BSO deputy that would cause GALINDEZ or any other BSO deputy to feel threatened or fear any imminent physical harm to justify the need for a male deputy's participation in a strip search of a female individual, especially where three other female deputies were involved in the search and two other female deputies were available to assist if necessary.

286.   Defendant GALINDEZ while acting in his capacity as a law enforcement officer for the BSO and under color of law engaged in an unreasonable strip search and invaded Gerstenhaber bodily privacy interests by performing an unauthorized deliberate and unreasonable strip search on Gerstenhaber, a female, despite being a male BSO deputy, where Gerstenhaber was required to expose her breasts and genitalia to a male corrections officer.

287.   All of the acts described herein deprived Gerstenhaber of rights secured to her by the United States Constitution; specifically the right secured to Gerstenhaber by the Fourth Amendment to the United States Constitution to not being subjected to an unreasonable strip search and invasion of privacy and having

CASE NO.:

her breasts and genitalia exposed to male correction officers.

288.     As a direct and proximate result of the unconstitutional act of Defendant GALINDEZ, Plaintiff, Gerstenhaber has been caused to suffer deprivations of her constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

289.     The acts of the Defendant GALINDEZ, as described herein, have forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant GALINDEZ for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### TWELFTH CAUSE OF ACTION
### 42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM
### UNREASONABLE SEARCH AND SEIZURE / INVASION OF PRIVACY
### Violation of the Fourth and Fourteenth Amendments to the United States Constitution
### *(Against DAPHNYS JEAN BAPTISTE, Individually)*

290.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

291.     Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, JEAN BAPTISTE, by subjecting Gerstenhaber to an unreasonable search and seizure and invasion of her privacy.

292.     At all times material hereto, Defendant JEAN BAPTISTE, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

293.     At all times material hereto, Gerstenhaber maintained the right to be free from an unreasonable search and seizure and the invasion of her privacy, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

294.     At all times material hereto, Gerstenhaber also possessed an expectation of privacy in her body, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

295.     The actions of the Defendant, JEAN BAPTISTE, as stated above, involved a deliberate

CASE NO.:

unreasonable strip search of Gerstenhaber and/or the observation of an unreasonable strip search of Gerstenhaber, after Gerstenhaber had only been charged with misdemeanor offenses that were not violent in nature, which violated Plaintiff's Fourth and Fourteenth Amendment Rights, pursuant to the United States Constitution.

296.    Defendant JEAN BAPTISTE violated 42 U.S.C. § 1983 by intentionally and unnecessarily participating, exacting, and observing a strip search on Gerstenhaber, a female, despite being a male BSO deputy, in a manner that violates section 901.211 of the Florida Statutes and BSO policies and procedures for no legitimate penological purpose and/or for the purpose of harassing, intimidating, and/or punishing Gerstenhaber.

297.    The unreasonable search and invasion of Gerstenhaber's bodily privacy interests was objectively unreasonable under the circumstances. More specifically, Plaintiff Gerstenhaber, was unarmed inside a holding cell within the Broward County Jail, restrained, and had not taken any action against JEAN BAPTISTE or any other BSO deputy that would cause JEAN BAPTISTE or any other BSO deputy to feel threatened or fear any imminent physical harm to justify the need for a male deputy's participation in a strip search of a female individual, especially where three other female deputies were involved in the search and two other female deputies were available to assist if necessary.

298.    Defendant JEAN BAPTISTE while acting in his capacity as a law enforcement officer for the BSO and under color of law engaged in and observed an unreasonable strip search and invaded Gerstenhaber's bodily privacy interests by performing and observing an unauthorized deliberate and unreasonable strip search on Gerstenhaber, a female, despite being a male BSO deputy where Gerstenhaber was required to expose her breasts and genitalia to a male corrections officer.

299.    All of the acts described herein deprived Gerstenhaber of rights secured to her by the United States Constitution; specifically the right secured to Gerstenhaber by the Fourth Amendment to the United States Constitution to not being subjected to an unreasonable strip search and invasion of privacy and having her breasts and genitalia exposed to male correction officers.

300.    As a direct and proximate result of the unconstitutional act of Defendant JEAN BAPTISTE, Plaintiff, Gerstenhaber has been caused to suffer deprivations of her constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

CASE NO.:

301.     The acts of the Defendant JEAN BAPTISTE, as described herein, have forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant JEAN BAPTISTE for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### THIRTEENTH CAUSE OF ACTION
### 42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM
### FAILURE TO INTERVENE
### Violation of the Fourth and Fourteenth Amendments to the United States Constitution
### (Against BERNADETTE BRINKLEY, Individually)

302.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 and 176 through 301 as if set forth fully herein.

303.     Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, BRINKLEY, by failing to intervene to prevent Defendants GABRIEL, AUSTIN-GAINES, WILLIAMS, GALINDEZ and/or JEAN BAPTISTE from violating the constitutional rights of Gerstenhaber.

304.     Law enforcement officers have an affirmative duty to intervene when the officer is aware of constitutional violations in their presence and must take reasonable steps to protect the victim of another officer's use of excessive force, unreasonable search and seizure, and/or invasion of privacy.

305.     Defendant BRINKLEY failed to prevent excessive force from being committed against Gerstenhaber when she had reasonable opportunity to do so; Defendant BRINKLEY's failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

306.     Defendant BRINKLEY failed to prevent an unauthorized and unreasonable strip search from being committed against Gerstenhaber when she had reasonable opportunity to do so; Defendant BRINKLEY's failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

307.     Defendant BRINKLEY failed to prevent an unreasonable search by a male BSO deputy from being committed against Gerstenhaber in violation of §901.211 and BSO policies and procedures when she had reasonable opportunity to do so; Defendant BRINKLEY's failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

CASE NO.:

308.     At all times material hereto, Defendant BRINKLEY, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

309.     At all times material hereto, Gerstenhaber maintained the right to be free from the excessive use of force, from an unreasonable search and seizure, and the invasion of her privacy, all protected rights under the Fourth and Fourteenth Amendments of the United States Constitution.

310.     As a direct and proximate result of the unconstitutional act of Defendant BRINKLEY, Plaintiff, Gerstenhaber has been caused to suffer deprivations of her constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

311.     The failure to intervene by Defendant BRINKLEY has forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant BRINKLEY for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### FOURTEENTH CAUSE OF ACTION
### 42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM
### FAILURE TO INTERVENE
### Violation of the Fourth and Fourteenth Amendments to the United States Constitution
### *(Against DAWNA AUSTIN-GAINES, Individually)*

312.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 and 176 through 301 as if set forth fully herein.

313.     Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, AUSTIN-GAINES, by failing to intervene to prevent Defendants BRINKLEY, GABRIEL, WILLIAMS, GALINDEZ and/or JEAN BAPTISTE from violating the constitutional rights of Gerstenhaber.

314.     Law enforcement officers have an affirmative duty to intervene when the officer is aware of constitutional violations in their presence and must take reasonable steps to protect the victim of another officer's use of excessive force, unreasonable search and seizure, and/or invasion of privacy.

CASE NO.:

315. Defendant AUSTIN-GAINES failed to prevent excessive force from being committed against Gerstenhaber when she had reasonable opportunity to do so; Defendant AUSTIN-GAINES' failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

316. Defendant AUSTIN-GAINES failed to prevent an unauthorized and unreasonable strip search from being committed against Gerstenhaber when she had reasonable opportunity to do so; Defendant AUSTIN-GAINES' failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

317. Defendant AUSTIN-GAINES failed to prevent an unreasonable strip search by a male BSO deputy from being committed against Gerstenhaber in violation of §901.211 and BSO policies and procedures when she had reasonable opportunity to do so; Defendant AUSTIN-GAINES' failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

318. At all times material hereto, Defendant AUSTIN-GAINES, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

319. At all times material hereto, Gerstenhaber maintained the right to be free from the excessive use of force, from an unreasonable search and seizure, and the invasion of her privacy, all protected rights under the Fourth and Fourteenth Amendments of the United States Constitution.

320. As a direct and proximate result of Defendant AUSTIN-GAINES' failure to intervene, Plaintiff, Gerstenhaber has been caused to suffer deprivations of her constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

321. The failure to intervene by Defendant AUSTIN-GAINES has forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant AUSTIN-GAINES for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

CASE NO.:

### FIFTEENTH CAUSE OF ACTION
### 42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM
### FAILURE TO INTERVENE
### Violation of the Fourth and Fourteenth Amendments to the United States Constitution
### *(Against CAMEO WILLIAMS, Individually)*

322.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 and 176 through 301 as if set forth fully herein.

323.     Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, WILLIAMS, by failing to intervene to prevent Defendants BRINKLEY, AUSTIN-GAINES, GABRIEL, GALINDEZ and/or JEAN BAPTISTE from violating the constitutional rights of Gerstenhaber.

324.     Law enforcement officers have an affirmative duty to intervene when the officer is aware of constitutional violations in their presence and must take reasonable steps to protect the victim of another officer's use of excessive force, unreasonable search and seizure, and/or invasion of privacy.

325.     Defendant WILLIAMS failed to prevent excessive force from being committed against Gerstenhaber when she had reasonable opportunity to do so; Defendant WILLIAMS' failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

326.     Defendant WILLIAMS failed to prevent an unauthorized and unreasonable strip search from being committed against Gerstenhaber when she had reasonable opportunity to do so; Defendant BRINKLEY's failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

327.     Defendant WILLIAMS failed to prevent an unreasonable strip search by a male BSO deputy from being committed against Gerstenhaber in violation of §901.211 and BSO policies and procedures when she had reasonable opportunity to do so; Defendant AUSTIN-GAINES' failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

328.     At all times material hereto, Defendant WILLIAMS, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

329.     At all times material hereto, Gerstenhaber maintained the right to be free from the excessive use of force, from an unreasonable search and seizure, and the invasion of her privacy, all protected rights under the Fourth and Fourteenth Amendments of the United States Constitution.

330.     As a direct and proximate result of Defendant WILLIAMS' failure to intervene, Plaintiff, Gerstenhaber has been caused to suffer deprivations of her constitutional rights, severe, grievous and

CASE NO.:

permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

331.    The failure to intervene by Defendant WILLIAMS has forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant WILLIAMS for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

**SIXTEENTH CAUSE OF ACTION**
**42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM**
**FAILURE TO INTERVENE**
**Violation of the Fourth and Fourteenth Amendments to the United States Constitution**
*(Against NEDRA GABRIEL, Individually)*

332.    Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 and 176 through 301 as if set forth fully herein.

333.    Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, GABRIEL, by failing to intervene to prevent Defendants BRINKLEY, AUSTIN-GAINES, WILLIAMS, GALINDEZ and/or JEAN BAPTISTE from violating the constitutional rights of Gerstenhaber.

334.    Law enforcement officers have an affirmative duty to intervene when the officer is aware of constitutional violations in their presence and must take reasonable steps to protect the victim of another officer's use of excessive force, unreasonable search and seizure, and/or invasion of privacy.

335.    Defendant GABRIEL failed to prevent excessive force from being committed against Gerstenhaber when she had reasonable opportunity to do so; Defendant GABRIEL'S failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

336.    Defendant GABRIEL failed to prevent an unauthorized and unreasonable strip search from being committed against Gerstenhaber when she had reasonable opportunity to do so; Defendant GABRIEL's failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

337.    Defendant GABRIEL failed to prevent an unreasonable strip search by a male BSO deputy

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

from being committed against Gerstenhaber in violation of §901.211 and BSO policies and procedures when she had reasonable opportunity to do so; Defendant GABRIEL'S failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

338.   At all times material hereto, Defendant GABRIEL, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

339.   At all times material hereto, Gerstenhaber maintained the right to be free from the excessive use of force, from an unreasonable search and seizure, and the invasion of her privacy, all protected rights under the Fourth and Fourteenth Amendments of the United States Constitution.

340.   As a direct and proximate result of Defendant GABRIEL'S failure to intervene, Plaintiff, Gerstenhaber has been caused to suffer deprivations of her constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

341.   The failure to intervene by Defendant GABRIEL has forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant GABRIEL for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### SEVENTEENTH CAUSE OF ACTION
### 42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM
### FAILURE TO INTERVENE
### Violation of the Fourth and Fourteenth Amendments to the United States Constitution
### *(Against LUIS GALINDEZ, Individually)*

342.   Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 and 176 through 301 as if set forth fully herein.

343.   Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, GALINDEZ, by failing to intervene to prevent Defendants BRINKLEY, AUSTIN-GAINES, WILLIAMS, GABRIEL, and/or JEAN BAPTISTE from violating the constitutional rights of Gerstenhaber.

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

344.     Law enforcement officers have an affirmative duty to intervene when the officer is aware of constitutional violations in their presence and must take reasonable steps to protect the victim of another officer's use of excessive force, unreasonable search and seizure, and/or invasion of privacy.

345.     Defendant GALINDEZ failed to prevent excessive force from being committed against Gerstenhaber when she had reasonable opportunity to do so; Defendant GALINDEZ's failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

346.     Defendant GALINDEZ failed to prevent an unauthorized and unreasonable strip search from being committed against Gerstenhaber when she had reasonable opportunity to do so; Defendant GALINDEZ'S failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

347.     Defendant GALINDEZ failed to prevent an unreasonable strip search by a male BSO deputy from being committed against Gerstenhaber in violation of §901.211 and BSO policies and procedures when she had reasonable opportunity to do so; Defendant GALINDEZ's failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

348.     At all times material hereto, Defendant GALINDEZ, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

349.     At all times material hereto, Gerstenhaber maintained the right to be free from the excessive use of force, from an unreasonable search and seizure, and the invasion of her privacy, all protected rights under the Fourth and Fourteenth Amendments of the United States Constitution.

350.     As a direct and proximate result of Defendant GALINDEZ's failure to intervene, Plaintiff, Gerstenhaber has been caused to suffer deprivations of her constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

351.     The failure to intervene by Defendant GALINDEZ has forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant GALINDEZ for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

all such other and further relief as this Court deems just and proper.

**EIGHTEENTH CAUSE OF ACTION**
**42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM**
**FAILURE TO INTERVENE**
**Violation of the Fourth and Fourteenth Amendments to the United States Constitution**
*(Against DAPHNYS JEAN BAPTISTE, Individually)*

352.　　Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 and 176 through 301 as if set forth fully herein.

353.　　Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, JEAN BAPTISTE, by failing to intervene to prevent Defendants BRINKLEY, AUSTIN-GAINES, WILLIAMS, GABRIEL, and/or GALINDEZ from violating the constitutional rights of Gerstenhaber.

354.　　Law enforcement officers have an affirmative duty to intervene when the officer is aware of constitutional violations in their presence and must take reasonable steps to protect the victim of another officer's use of excessive force, unreasonable search and seizure, and/or invasion of privacy.

355.　　Defendant JEAN BAPTISTE failed to prevent excessive force from being committed against Gerstenhaber when she had reasonable opportunity to do so; Defendant JEAN BAPTISTE's failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

356.　　Defendant JEAN BAPTISTE failed to prevent an unauthorized and unreasonable strip search from being committed against Gerstenhaber when she had reasonable opportunity to do so; Defendant JEAN BAPTISTE's failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

357.　　Defendant JEAN BAPTISTE failed to prevent an unreasonable strip search by a male BSO deputy  from being committed against Gerstenhaber in violation of §901.211 and BSO policies and procedures when she had reasonable opportunity to do so; Defendant JEAN BAPTISTE's failure to intervene is a violation of the Fourth Amendment and as such is actionable under 42 U.S.C. § 1983.

358.　　At all times material hereto, Defendant JEAN BAPTISTE, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

359.　　At all times material hereto, Gerstenhaber maintained the right to be free from the excessive use of force, from an unreasonable search and seizure, and the invasion of her privacy, all protected rights under the Fourth and Fourteenth Amendments of the United States Constitution.

360.　　As a direct and proximate result of Defendant JEAN BAPTISTE's failure to intervene,

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

Plaintiff, Gerstenhaber has been caused to suffer deprivations of her constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

361.    The failure to intervene by Defendant JEAN BAPTISTE has forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant JEAN BAPTISTE for all compensatory damages and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

<u>NINETEENTH CAUSE OF ACTION</u>
<u>BATTERY</u>
*(Against BERNADETTE BRINKLEY, Individually)*

362.    Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

363.    On July 11, 2014, Defendant BRINKLEY intentionally attacked and battered Gerstenhaber without provocation.

364.    Defendant BRINKLEY committed said attack with the intent to cause harmful or offensive contact to Gerstenhaber.

365.    Defendant BRINKLEY did physically contact Gerstenhaber without Gerstenhaber's consent when Defendant BRINKLEY held Gerstenhaber down and beat her, punching and kicking her in the face and body until she urinated on herself, all for the purposes of corporal punishment, intimidation, embarrassment, harassment, and/or physical or mental abuse.

366.    Defendant BRINKLEY's physical contact with Gerstenhaber was harmful and offensive to Gerstenhaber.

367.    Defendant BRINKLEY acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Gerstenhaber's rights, safety, or property.

368.    As a direct and proximate result of Defendant BRINKLEY's intentional attack, Gestenhaber has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or

CASE NO.:

permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant BRINKLEY for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

**TWENTIETH CAUSE OF ACTION**
**BATTERY**
***(Against DAWNA AUSTIN-GAINES, Individually)***

369.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

370.     On July 11, 2014, Defendant AUSTIN-GAINES intentionally attacked and battered Gerstenhaber without provocation.

371.     Defendant AUSTIN-GAINES committed said attack with the intent to cause harmful or offensive contact to Gerstenhaber.

372.     Defendant AUSTIN-GAINES did physically contact Gerstenhaber without Gerstenhaber's consent when Defendant AUSTIN-GAINES pepper sprayed and held Gerstenhaber down and beat her, punching and kicking her in the face and body until she urinated on herself, all for the purposes of corporal punishment, intimidation, embarrassment, harassment, and/or physical or mental abuse.

373.     Defendant AUSTIN-GAINES' physical contact with Gerstenhaber was harmful and offensive to Gerstenhaber.

374.     Defendant AUSTIN-GAINES acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Gerstenhaber's rights, safety, or property.

375.     As a direct and proximate result of Defendant AUSTIN-GAINES' intentional attack, Gerstenhaber has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant AUSTIN-GAINES for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all

CASE NO.:

issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

## TWENTY-FIRST CAUSE OF ACTION
### BATTERY
### *(Against CAMEO WILLIAMS, Individually)*

376.    Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

377.    On July 11, 2014, Defendant WILLIAMS intentionally attacked and battered Gerstenhaber without provocation.

378.    Defendant WILLIAMS committed said attack with the intent to cause harmful or offensive contact to Gerstenhaber.

379.    Defendant WILLIAMS did physically contact Gerstenhaber without Gerstenhaber's consent when Defendant WILLIAMS pepper sprayed and held Gerstenhaber down and beat her, punching and kicking her in the face and body until she urinated on herself, all for the purposes of corporal punishment, intimidation, embarrassment, harassment, and/or physical or mental abuse.

380.    Defendant WILLIAMS' physical contact with Gerstenhaber was harmful and offensive to Gerstenhaber.

381.    Defendant WILLIAMS acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Gerstenhaber's rights, safety, or property.

382.    As a direct and proximate result of Defendant WILLIAMS' intentional attack, Gerstenhaber has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant WILLIAMS for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

## TWENTY-SECOND CAUSE OF ACTION
### BATTERY
### *(Against NEDRA GABRIEL, Individually)*

383.    Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

384.    On July 11, 2014, Defendant GABRIEL intentionally attacked and battered Gerstenhaber

CASE NO.:

without provocation.

385.     Defendant GABRIEL committed said attack with the intent to cause harmful or offensive contact to Gerstenhaber.

386.     Defendant GABRIEL did physically contact Gerstenhaber without Gerstenhaber's consent when Defendant GABRIEL held Gerstenhaber down and beat her, punching and kicking her in the face and body until she urinated on herself, all for the purposes of corporal punishment, intimidation, embarrassment, harassment, and/or physical or mental abuse.

387.     Defendant GABRIEL's physical contact with Gerstenhaber was harmful and offensive to Gerstenhaber.

388.     Defendant GABRIEL acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Gerstenhaber's rights, safety, or property.

389.     As a direct and proximate result of Defendant GABRIEL's intentional attack, Gerstenhaber has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant GABRIEL for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### TWENTY-THIRD CAUSE OF ACTION
### BATTERY
### (Against LUIS GALINDEZ, Individually)

390.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

391.     On July 11, 2014, Defendant GALINDEZ intentionally attacked and battered Gerstenhaber without provocation.

392.     Defendant GALINDEZ committed said attack with the intent to cause harmful or offensive contact to Gerstenhaber.

393.     Defendant GALINDEZ did physically contact Gerstenhaber without Gerstenhaber's consent when Defendant GALINDEZ held Gerstenhaber down and beat her, punching and kicking her in the face and body until she urinated on herself, all for the purposes of corporal punishment, intimidation, embarrassment,

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

harassment, and/or physical or mental abuse.

394.     Defendant GALINDEZ's physical contact with Gerstenhaber was harmful and offensive to Gerstenhaber.

395.     Defendant GALINDEZ acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Gerstenhaber's rights, safety, or property.

396.     As a direct and proximate result of Defendant GALINDEZ's intentional attack, Gerstenhaber has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant GALINDEZ for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### TWENTY-FOURTH CAUSE OF ACTION
### ASSAULT
#### (Against BERNADETTE BRINKLEY, Individually)

397.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

398.     On July 11, 2014, Defendant BRINKLEY intentionally attacked and assaulted Gerstenhaber without provocation.

399.     Defendant BRINKLEY committed said attack with the intent to create apprehension of imminent physical or bodily harm on Gerstenhaber.

400.     Due to Defendant BRINKLEY's actions, Gerstenhaber was in reasonable apprehension and feared imminent physical or bodily harm.

401.     Defendant BRINKLEY acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Gerstenhaber's rights, safety, or property.

402.     As a direct and proximate result of Defendant BRINKLEY's intentional assault, Gerstenhaber has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the

CASE NO.:

Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant BRINKLEY for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### TWENTY-FIFTH CAUSE OF ACTION
### ASSAULT
### *(Against DAWNA AUSTIN-GAINES, Individually)*

403.    Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

404.    On July 11, 2014, Defendant AUSTIN-GAINES intentionally attacked and assaulted Gerstenhaber without provocation.

405.    Defendant AUSTIN-GAINES committed said attack with the intent to create apprehension of imminent physical or bodily harm on Gerstenhaber.

406.    Due to Defendant AUSTIN-GAINES' actions, Gerstenhaber was in reasonable apprehension and feared imminent physical or bodily harm.

407.    Defendant AUSTIN-GAINES acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Gerstenhaber's rights, safety, or property.

408.    As a direct and proximate result of Defendant AUSTIN-GAINES' intentional assault, Gerstenhaber has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant AUSTIN-GAINES for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### TWENTY-SIXTH CAUSE OF ACTION
### ASSAULT
### *(Against CAMEO WILLIAMS, Individually)*

409.    Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

410.    On July 11, 2014, Defendant WILLIAMS intentionally attacked and assaulted Gerstenhaber

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

without provocation.

411.     Defendant WILLIAMS committed said attack with the intent to create apprehension of imminent physical or bodily harm on Gerstenhaber.

412.     Due to Defendant WILLIAMS' actions, Gerstenhaber was in reasonable apprehension and feared imminent physical or bodily harm.

413.     Defendant WILLIAMS acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Gerstenhaber's rights, safety, or property.

414.     As a direct and proximate result of Defendant WILLIAMS' intentional assault, Gerstenhaber has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant WILLIAMS for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

## TWENTY-SEVENTH CAUSE OF ACTION
### ASSAULT
### *(Against NEDRA GABRIEL, Individually)*

415.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

416.     On July 11, 2014, Defendant GABRIEL intentionally attacked and assaulted Gerstenhaber without provocation.

417.     Defendant GABRIEL committed said attack with the intent to create apprehension of imminent physical or bodily harm on Gerstenhaber.

418.     Due to Defendant GABRIEL's actions, Gerstenhaber was in reasonable apprehension and feared imminent physical or bodily harm.

419.     Defendant GABRIEL acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Gerstenhaber's rights, safety, or property.

420.     As a direct and proximate result of Defendant GABRIEL's intentional assault, Gerstenhaber has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant GABRIEL for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

## TWENTY-EIGHTH CAUSE OF ACTION
## ASSAULT
### *(Against LUIS GALINDEZ, Individually)*

421.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

422.     On July 11, 2014, Defendant GALINDEZ intentionally attacked and assaulted Gerstenhaber without provocation.

423.     Defendant GALINDEZ committed said attack with the intent to create apprehension of imminent physical or bodily harm on Gerstenhaber.

424.     Due to Defendant GALINDEZ's actions, Gerstenhaber was in reasonable apprehension and feared imminent physical or bodily harm.

425.     Defendant GALINDEZ acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Gerstenhaber's rights, safety, or property.

426.     As a direct and proximate result of Defendant GALINDEZ's  intentional assault, Gerstenhaber has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant GALINDEZ for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

CASE NO.:

### TWENTY-NINTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
*(Against BERNADETTE BRINKLEY, Individually)*

427.    Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

428.    On July 11, 2014, Defendant BRINKLEY intentionally attacked and deliberately inflicted emotional distress on Gerstenhaber without provocation.

429.    Defendant BRINKLEY's conduct was outrageous and extreme in degree.

430.    Defendant BRINKLEY acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Gerstenhaber's rights, safety, or property.

431.    As a direct and proximate result of Defendant BRINKLEY's intentional infliction of emotional distress, Gerstenhaber has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant BRINKLEY for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### THIRTIETH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
*(Against DAWNA AUSTIN-GAINES, Individually)*

432.    Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

433.    On July 11, 2014, Defendant AUSTIN-GAINES intentionally attacked and deliberately inflicted emotional distress on Gerstenhaber without provocation.

434.    Defendant AUSTIN-GAINES' conduct was outrageous and extreme in degree.

435.    Defendant AUSTIN-GAINES acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Gerstenhaber's rights, safety, or property.

436.    As a direct and proximate result of Defendant AUSTIN-GAINES' intentional infliction of emotional distress, Gerstenhaber has been caused to suffer severe, grievous and permanent injuries,

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant AUSTIN-GAINES for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### THIRTY-FIRST CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
*(Against CAMEO WILLIAMS, Individually)*

437.    Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

438.    On July 11, 2014, Defendant WILLIAMS intentionally attacked and deliberately inflicted emotional distress on Gerstenhaber without provocation.

439.    Defendant WILLIAMS' conduct was outrageous and extreme in degree.

440.    Defendant WILLIAMS acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Gerstenhaber's rights, safety, or property.

441.    As a direct and proximate result of Defendant WILLIAMS' intentional infliction of emotional distress, Gerstenhaber has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant WILLIAMS for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### THIRTY-SECOND CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
*(Against NEDRA GABRIEL, Individually)*

442.    Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

443.      On July 11, 2014, Defendant GABRIEL intentionally attacked and deliberately inflicted emotional distress on Gerstenhaber without provocation.

444.      Defendant GABRIEL's conduct was outrageous and extreme in degree.

445.      Defendant GABRIEL acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Gerstenhaber's rights, safety, or property.

446.      As a direct and proximate result of Defendant GABRIEL's intentional infliction of emotional distress, Gerstenhaber has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant GABRIEL for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### THIRTY-THIRD CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### *(Against LUIS GALINDEZ, Individually)*

447.      Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

448.      On July 11, 2014, Defendant GALINDEZ intentionally attacked and deliberately inflicted emotional distress on Gerstenhaber without provocation.

449.      Defendant GALINDEZ's conduct was outrageous and extreme in degree.

450.      Defendant GALINDEZ acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Gerstenhaber's rights, safety, or property.

451.      As a direct and proximate result of Defendant GALINDEZ's intentional infliction of emotional distress, Gerstenhaber has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant GALINDEZ for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues

CASE NO.:

triable as a matter of right, and all such other and further relief as this Court deems just and proper.

## THIRTY-FOURTH CAUSE OF ACTION
## BATTERY (PLEADING IN THE ALTERNATIVE TO COUNTS 19-23)
### *(Against BSO)*

452.    Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

453.    At all times material hereto, Deputies Brinkley, Austin-Gaines, Williams, Gabriel, and Galindez were agents, servants, and/or employees of the BSO.

454.    At all times material hereto, BSO maintained a supervisory role of all actions undertaken by Deputies Brinkley, Austin-Gaines, Williams, Gabriel, and Galindez during the course and scope of their employment.

455.    At all times material hereto, Deputies Brinkley, Austin-Gaines, Williams, Gabriel, and Galindez were acting within the course and scope of their employment with BSO.

456.    Deputies Brinkley, Austin-Gaines, Williams, Gabriel, and Galindez , while acting within the course and scope of their employment, committed a battery by attacking Gerstenhaber causing harmful or offensive physical contact.

457.    While committing this battery, Deputies  Brinkley, Austin-Gaines, Williams, Gabriel, and Galindez did not act in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Gerstenhaber's rights, safety, or property.

458.    As a direct and proximate result of Deputies  Brinkley, Austin-Gaines, Williams, Gabriel, and Galindez's battery, Gerstenhaber has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant BSO for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

### THIRTY-FIFTH CAUSE OF ACTION
### ASSAULT (PLEADING IN THE ALTERNATIVE TO COUNTS 24-28)
#### *(Against BSO)*

459.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

460.     At all times material hereto, Deputies Brinkley, Austin-Gaines, Williams, Gabriel, and Galindez were agents, servants, and/or employees of the BSO.

461.     At all times material hereto, BSO maintained a supervisory role of all actions undertaken by Deputies Brinkley, Austin-Gaines, Williams, Gabriel, and/or Galindez during the course and scope of their employment.

462.     At all times material hereto, Deputies Brinkley, Austin-Gaines, Williams, Gabriel, and Galindez were acting within the course and scope of their employment with BSO.

463.     Deputies Brinkley, Austin-Gaines, Williams, Gabriel, and Galindez , while acting within the course and scope of their employment, committed an assault by attacking Gerstenhaber and causing Gerstenhaber to be in fear of harmful or offensive physical contact.

464.     While committing this assault, Deputies  Brinkley, Austin-Gaines, Williams, Gabriel, and Galindez did not act in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Gerstenhaber's rights, safety, or property.

465.     As a direct and proximate result of Deputies  Brinkley, Austin-Gaines, Williams, Gabriel, and Galindez's assault, Gerstenhaber has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant BSO for all compensatory damages and punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

CASE NO.:

## THIRTY-SIXTH CAUSE OF ACTION
## NEGLIGENT HIRING, RETENTION AND SUPERVISION
### *(Against BSO )*

466.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

467.     Upon the hiring of Defendant GALINDEZ, GALINDEZ  took the Oath of Office for the Broward Sheriff's Office.

468.     During GALINDEZ's time with the Broward Sheriff's Office, GALINDEZ has continued to violate citizens and others constitutional rights under the Fourth Amendment to the United States Constitution.

469.     During the course of his tenure with the Broward Sheriff's Office as early as 2006 there have been multiple instances of the use of excessive force by Defendant GALINDEZ which Defendant BSO knew or should have known as specified herein above.

470.     Defendant BSO knew of GALINDEZ's propensity for violence and the unreasonable utilization of excessive force against individuals and detainees in violation of their Constitutional rights prior to the subject incident involving Gerstenhaber.

471.     Defendant BSO knew or should have known of the likelihood that Defendant GALINDEZ would injure a third person by his conduct or allow and authorize deputies under his supervision to injury a third person by their conduct.

472.     Defendant BSO retained GALINDEZ in its employ knowing that there was a strong possibility that GALINDEZ would continue his pattern of utilizing unreasonable excessive force while attempting to arrest and/or detain individuals in violation of their Constitutional rights and/or continue his pattern of authorizing the use on unreasonable excessive force against individuals and/or detainees in violation of their Constitutional rights.

473.     Despite the fact that the above allegations were upon information and belief investigated by Defendant BSO, Defendant GALINDEZ was not disciplined, re-trained, suspended, and/or relieved of duty. Rather BSO allowed GALINDEZ to continue to work for BSO unabated.

474.     Defendant BSO failed to supervise Defendant GALINDEZ, discipline him, re-train him, suspend him and/or relieve him of duty when learning of the above described incidences of excessive force.

475.     Defendant BSO has a duty to provide competent, intelligent, responsible, and trustworthy employees who are given the authority to use force and/or  deadly force and to terminate the freedom of citizens who they suspect may have committed crimes. The highest standard of care needs to be taken in

CASE NO.:

order to ensure that the best and most competent personnel are allowed to carry firearms and to enforce the laws of this nation.

476.     Defendant BSO owes a duty to the public to hire and retain deputies who meet the standards indicated in the preceding paragraph. By failing to do so, Defendant BSO has breached the duty of care to Gerstenhaber, and to the public which has caused Gerstenhaber to suffer deprivations of her constitutional rights, severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

477.     Defendant BSO is also charged with the responsibility of adequately supervising its employees to prevent them from either intentionally or negligently causing injury to the public due to their negligent hiring, retention, and supervision of incompetent and dangerous employees who have the likelihood and/or foreseeability of injuring third persons.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant BSO for all compensatory damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### THIRTY-SEVENTH CAUSE OF ACTION
### NEGLIGENT SEIZURE AND RETENTION OF PROPERTY
### (PLEADING IN THE ALTERNATIVE TO COUNTS 47-54)
### *(Against BSO)*

478.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

479.     Defendant BSO, by and through its final policy makers, officers, agents, servants, and/or employees, is responsible for carrying on county government, conducting investigations of county affairs and performing acts which are in the common interest of the people.

480.     Defendant, BSO, by and through its officers, agents, and employees, is responsible for staffing, supervising, managing, controlling, disciplining, and/or setting forth polices and procedures, for its agency, the Broward Sheriff's Office, to ensure that its officers, agents, and employees are performing their duties and responsibilities with the highest level of proficiency, professionalism, and accountability, and within the confines of the United States Constitution and the laws of the State of Florida.

481.     At all times material hereto, in committing each of the acts, omissions, and/or commissions complained of herein, the Defendant, BSO, was acting by and through its officers, agents, servants, and/or

CASE NO.:

employees, including but not limited to, Defendants Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, Jean Baptiste, Fecu, and Beale who were working in the course and scope of said agency and/or employment, on behalf of Defendant, BSO.

482.     Defendant BSO, by and through its final policymakers, officers, agents, servants, and/or employees, had a duty of maintaining, staffing, and supervising all BSO deputies, possessed ultimate authority over Broward Sheriff Office's deputies' activities and was responsible for the conduct of the Broward Sheriff Office's deputies in the employ of the BSO and its agency.

483.     Defendant BSO, by and through its final policymakers, officers, agents, servants, and/or employees, had a duty to ensure that reasonable measures were taken to ensure that the deputies of the Broward Sheriff's Office performed their duties and responsibilities with the highest level of proficiency, professionalism, and accountability, and within the confines of the United States Constitution and the laws of the State of Florida.

484.     Defendant BSO, by and through its final policy makers, officers, agents, servants, and/or employees, had a duty to provide law enforcement that complied with the United States Constitution and the laws of the State of Florida and that its deputies did not deprive any citizen or individual of his/her constitutional rights and/or property.

485.     On or about July 11, 2014, the Defendant, BSO, by and through its agents, servants and/or employees, including but not limited to, Defendants Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, Jean Baptiste, Fecu, and Beale agreed and undertook to serve and perform as deputies within the Department of Detention in accordance with prevailing law enforcement standards applicable to Broward County, Florida, or any similar community, so as to avoid the loss of detainee's property.

486.     At all times material hereto, Defendants, Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, Jean Baptiste, Fecu, and Beale were acting under color of state law with in the course and scope of their employment with the BSO, and pursuant to the official custom, course, and policy of the BSO.

487.     Deputies Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, Jean Baptiste, Fecu, and Beale while acting within the course and scope of their employment, deprived Gerstenhaber of the Ring despite her release from the Broward County Jail.

488.     While committing this permanent seizure of the Ring, Deputies Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, Jean Baptiste, Fecu, and Beale did not act in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Gerstenhaber's rights, safety, or property.

489.     Defendant BSO, by and through its final policy makers, officers, agents, servants, and/or

CASE NO.:

employees, including Defendants Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, Jean Baptiste, Fecu and/or Beale, negligently and recklessly breached its duties, nondelegable and/or otherwise, owed to the Plaintiff, Gerstenhaber, by committing one or more of the following acts of commission and/or omission which directly and proximately caused the Plaintiff's injuries and/or damages:

(a)     Negligently and carelessly seized Gerstenhaber's personal property including the Ring and failed to return same to her upon release, thereby depriving her of her personal property including the Ring;

(b)     Negligently and carelessly failed to properly train the deputies of the Broward Sheriff Office regarding seizure of personal property and return thereof upon release;

(c)     Negligently and carelessly failed to provide adequate training and supervision to deputies of the Broward Sheriff office in regards to the seizure of personal property and the return of same upon release;

(d)     Negligently and carelessly failed to hire and retain competent and knowledgeable law enforcement personnel that would protect and serve within the confines of the United States Constitution and/or the laws of the State of Florida;

(e)     Negligently and carelessly failed to supervise its deputies so as to prevent the loss of personal property and ensure that its officers protect and serve within the confines of the United States Constitution and/or the laws of the State of Florida;

(f)     Negligently and carelessly failed to adopt reasonable procedures pertaining to the seizure, protection, and return of personal property, specifically the Ring;

(g)     Negligently and carelessly failed to follow BSO polices and procedures with respect to the seizure, protection, and return of personal property, specifically the Ring

(h)     Negligently and carelessly utilized procedures, which failed to adequately train and instruct police officers as to the seizure, protection, and return of personal property in connection with booking individuals suspected of committing a crime at its facilities;

(i)     Negligently and carelessly failed to follow reasonable rules, regulations, protocols, standards and other guidelines pertinent to the seizure, protection, and return of personal property in connection with the booking of persons suspected of committing a crime at its facilities;

490.    As a direct and proximate result of the negligence exercised by the Defendant, BSO and failure to return seized personal property to Gerstenhaber including the Ring, by and through its agents, servants, and/or employees, including Defendants Brinkley, Austin-Gaines, Williams, Gabriel, Galindez,

CASE NO.:

Jean Baptiste, Fecu, and Beale, Gerstenhaber, has been caused to suffer damages which include both the fair market value of the Ring as well as the sentimental value of the Ring.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant BSO for all compensatory damages including fair market value and sentimental value, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### THIRTY-EIGHTH CAUSE OF ACTION
### NEGLIGENT SEARCH AND SEIZURE / INVASION OF PRIVACY
### (PLEADING IN THE ALTERNATIVE)
### *(Against BSO)*

491.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

492.     Defendant BSO, by and through its final policy makers, officers, agents, servants, and/or employees, is responsible for carrying on county government, conducting investigations of county affairs and performing acts which are in the common interest of the people.

493.     Defendant, BSO, by and through its officers, agents, and employees, is responsible for staffing, supervising, managing, controlling, disciplining, and/or setting forth polices and procedures, for its agency, the Broward Sheriff's Office, to ensure that its officers, agents, and employees are performing their duties and responsibilities with the highest level of proficiency, professionalism, and accountability, and within the confines of the United States Constitution and the laws of the State of Florida.

494.     At all times material hereto, in committing each of the acts, omissions, and/or commissions complained of herein, the Defendant, BSO, was acting by and through its officers, agents, servants, and/or employees, including but not limited to, Defendants Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, and Jean Baptiste, who were working in the course and scope of said agency and/or employment, on behalf of Defendant, BSO.

495.     Defendant BSO, by and through its final policymakers, officers, agents, servants, and/or employees, had a duty of maintaining, staffing, and supervising all BSO deputies, possessed ultimate authority over Broward Sheriff Office's deputies' activities and was responsible for the conduct of the Broward Sheriff Office's deputies in the employ of the BSO and its agency.

496.     Defendant BSO, by and through its final policymakers, officers, agents, servants, and/or employees, had a duty to ensure that reasonable measures were taken to ensure that the deputies of the Broward Sheriff's Office performed their duties and responsibilities with the highest level of proficiency,

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

professionalism, and accountability, and within the confines of the United States Constitution and the laws of the State of Florida.

497.    Defendant BSO, by and through its final policy makers, officers, agents, servants, and/or employees, had a duty to provide law enforcement that complied with the United States Constitution and the laws of the State of Florida and that its deputies did not deprive any citizen or individual of his/her constitutional and/or legal rights and/or property, including subjecting said citizens and/or individuals to unreasonable, illegal, and/or unconstitutional search and seizures

498.    On or about July 11, 2014, the Defendant, BSO, by and through its agents, servants and/or employees, including but not limited to, Defendants Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, and Jean Baptiste, agreed and undertook to serve and perform as deputies within the Department of Detention in accordance with prevailing law enforcement standards applicable to Broward County, Florida, or any similar community, so as to avoid unconstitutional, illegal, and unreasonable search and seizures.

499.    At all times material hereto, Defendants, Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, and/or Jean Baptiste, among others, were acting under color of state law with in the course and scope of their employment with the BSO, and pursuant to the official custom, course, and policy of the BSO.

500.    The actions of the Defendants, Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, and/or Jean Baptiste as stated above, involved participating and exacting an unauthorized unreasonable and illegal strip search on Gerstenhaber in the presence of a male BSO deputy in violation of Florida statutory law and BSO policies and procedures.

501.    Defendants Brinkley, Austin-Gaines, Williams, Gabriel, Galindez and/or Jean Baptiste violated Gerstenhaber's constitutional and/or legal rights by engaging in an unauthorized strip search of Gerstenhaber in the presence of a male BSO deputy thereby subjecting her to a violation of her bodily privacy, as well as emotional and physical abuse, intimidation, embarrassment, humiliation, and harassment.

502.    The strip search exacted by BSO, by and through its agents, servants, and/or employees, including Brinkley, Austin-Gaines, Williams, Gabriel, and/or Galindez was objectively unreasonable under the circumstances.  More specifically, Plaintiff Gerstenhaber, was an unarmed female inside a holding cell within the Broward County Jail, restrained, and had not taken any action against any BSO deputies that would cause the BSO deputies to feel threatened or fear any imminent physical harm  to justify the need for a male deputy's participation in a strip search of a female individual, especially where three other female deputies were involved in the search and two other female deputies were available to assist if necessary.

503.    All of the acts described herein deprived Gerstenhaber of constitutional rights secured to her

CASE NO.:

by the United States Constitution and/or Florida statutory law, specifically Florida Statute section 901.211.

504.    Defendant BSO, by and through its final policy makers, officers, agents, servants, and/or employees, including Defendants Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, and/or Jean Baptiste, among others,, negligently and recklessly breached its duties, nondelegable and/or otherwise, owed to the Plaintiff, Gerstenhaber, by committing one or more of the following acts of commission and/or omission which directly and proximately caused the Plaintiff's injuries:

(a)    Negligently and carelessly failed to protect, uphold, and respect Gerstenhaber's constitutional and/or legal  rights, including her right to be free of unreasonable search and seizure under the Fourth Amendment to the United States Constitution;

(b)    Negligently and carelessly deprived Gerstenhaber of her constitutional right to be free from unreasonable and unconstitutional search and seizure under the Fourth Amendment to the United States Constitution;

(c)    Negligently and carelessly subjected Gerstenhaber to an unauthorized and/or unreasonable strip search  in violation of Gerstenhaber's constitutional rights under the Fourth Amendment to the United States Constitution and/or legal rights under Florida Statute section 902.111;

(d)    Negligently and carelessly, by and through its agents, servants, and/or employees engaged in an unlawful and/or unauthorized strip search on Gerstenhaber that was unreasonable under the circumstances, thereby injuring her as described above;

(e)    Negligently and carelessly, its agents, servants, and/or employees deprived the Plaintiff, Gerstenhaber, of the rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, not to be subjected to unreasonable search and seizure, where same is not reasonably justified;

(f)    Negligently and carelessly, its agents, servants, and/or employees, engaged in an unlawful and/or unauthorized strip search of Gerstenhaber, a female, in the presence of a male BSO deputy thereby invading her right to bodily privacy in violation of Florida Statute section 902.111(3).

(g)    Negligently and carelessly failed to properly train the deputies of the Broward Sheriff's Office in how to perform a constitutional and legal search and seizure, specifically a strip search as provided for in Florida Statute section 902.111;

(h)    Negligently and carelessly failed to exercise reasonable care in recognizing the circumstances and appropriately treating and protecting Gerstenhaber's right to bodily privacy during said strip search;

(i)    Negligently and carelessly failed to hire and retain competent and knowledgeable

CASE NO.:

law enforcement personnel that would protect and serve within the confines of the United States Constitution and the laws of the State of Florida;

(j)     Negligently and carelessly failed to supervise its deputies so as to prevent unreasonable searches and seizures and ensure that its deputies protect and serve within the confines of the United States Constitution and the laws of the State of Florida, specifically Florida Statute section 902.111;

(k)     Negligently and carelessly failed to exercise reasonable care in effecting the strip search and seizure of Plaintiff, Gerstenhaber;

(l)     Negligently and carelessly failed to follow reasonable rules, regulations, protocols, standards and other guidelines pertinent to the search and seizure of persons suspected of committing a crime;

505.     As a direct and proximate result of the negligence exercised by the Defendant, BSO, by and through its final policy makers, officers, agents, servants, and/or employees, including Defendants Brinkley, Austin-Gaines, Williams, Gabriel, Galindez and/or Jean Baptiste, Plaintiff Gerstenhaber, has been caused to suffer deprivations of her constitutional rights, severe,  grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, anguish, inability to lead a normal life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant BSO for all compensatory damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### THIRTY-NINTH CAUSE OF ACTION
### 42 U.S.C. § 1983 –  CIVIL RIGHTS VIOLATION CLAIM
### UNREASONABLE SEIZURE / LOSS OF PROPERTY
### Violation of the Fourth and Fourteenth Amendments to the United States Constitution
### *(Against BERNADETTE BRINKLEY, Individually)*

506.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

507.     Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, BRINKLEY, by subjecting Gerstenhaber to an unreasonable seizure and deprivation of her personal property, the Ring.

CASE NO.:

508.     At all times material hereto, Defendant BRINKLEY, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

509.     At all times material hereto, Gerstenhaber maintained the right to be free from an unreasonable seizure and deprivation of her personal property, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

510.     At all times material hereto, Gerstenhaber maintained the right to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

511.     At all times material hereto, Gerstenhaber also possessed an expectation of the return of her personal property, the Ring, following release, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

512.     The actions of the Defendant, BRINKLEY, as stated above, involved a deliberate seizure of Gerstenhaber's Ring, a family heirloom with sentimental value, by BRINKLEY despite Gerstenhaber being released and all charges nolle processed or dropped, which violated Plaintiff's Fourth and Fourteenth Amendment Rights, pursuant to the United States Constitution.

513.     Defendant BRINKLEY violated 42 U.S.C. § 1983 by intentionally, unreasonably, and unnecessarily seizing Gerstenhaber's Ring, a family heirloom possessing sentimental value well in excess of its market value, and failing to return same upon Gerstenhaber's release for no legitimate penological purpose and/or for the purpose of harassing, intimidating, and/or punishing Gerstenhaber.

514.     The unreasonable seizure of the Ring and the failure to return the Ring despite Gerstenhaber being released and all charges being dropped or nolle processed was objectively unreasonable under the circumstances.

515.     Defendant BRINKLEY while acting in her capacity as a law enforcement officer for the BSO and under color of law unreasonably seized the Ring and failed to secure the Ring and return the Ring to Gerstenhaber upon release.

516.     All of the acts described herein deprived Gerstenhaber of rights secured to her by the United States Constitution; specifically the right secured to Gerstenhaber by the Fourth Amendment to the United States Constitution (by subjecting her to the unreasonable seizure) .

517.     As a direct and proximate result of the unconstitutional act of Defendant BRINKLEY, Plaintiff, Gerstenhaber has been caused to suffer deprivations of her constitutional rights, as well as severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental

CASE NO.:

anguish, emotional distress, loss of capacity for the enjoyment of life, and the loss of the Ring, which possessed market value as well as sentimental value to Gerstenhaber.

518.   The acts of the Defendant BRINKLEY, as described herein, have forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant BRINKLEY for all compensatory damages including fair market value and sentimental value, and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### FORTIETH CAUSE OF ACTION
### 42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM
### UNREASONABLE SEIZURE / LOSS OF PROPERTY
### Violation of the Fourth and Fourteenth Amendments to the United States Constitution
### *(Against DAWNA AUSTIN-GAINES, Individually)*

519.   Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

520.   Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, AUSTIN-GAINES, by subjecting Gerstenhaber to an unreasonable seizure and deprivation of her personal property, the Ring.

521.   At all times material hereto, Defendant AUSTIN-GAINES, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

522.   At all times material hereto, Gerstenhaber maintained the right to be free from an unreasonable seizure and deprivation of her personal property, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

523.   At all times material hereto, Gerstenhaber maintained the right to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

524.   At all times material hereto, Gerstenhaber also possessed an expectation of the return of her personal property, the Ring, following release, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

525.    The actions of the Defendant, AUSTIN-GAINES, as stated above, involved a deliberate seizure of Gerstenhaber's Ring, a family heirloom with sentimental value, by AUSTIN-GAINES despite Gerstenhaber being released and all charges nolle processed or dropped, which violated Plaintiff's Fourth and Fourteenth Amendment Rights, pursuant to the United States Constitution.

526.    Defendant AUSTIN-GAINES violated 42 U.S.C. § 1983 by intentionally, unreasonably, and unnecessarily seizing Gerstenhaber's Ring, a family heirloom possessing sentimental value well in excess of its market value, and failing to return same upon Gerstenhaber's release for no legitimate penological purpose and/or for the purpose of harassing, intimidating, and/or punishing Gerstenhaber.

527.    The unreasonable seizure of the Ring and the failure to return the Ring despite Gerstenhaber being released and all charges being dropped or nolle processed was objectively unreasonable under the circumstances.

528.    Defendant AUSTIN-GAINES while acting in her capacity as a law enforcement officer for the BSO and under color of law unreasonably seized the Ring and failed to secure the Ring and return the Ring to Gerstenhaber upon release.

529.    All of the acts described herein deprived Gerstenhaber of rights secured to her by the United States Constitution; specifically the right secured to Gerstenhaber by the Fourth Amendment to the United States Constitution (by subjecting her to the unreasonable seizure) .

530.    As a direct and proximate result of the unconstitutional act of Defendant AUSTIN-GAINES, Plaintiff, Gerstenhaber has been caused to suffer deprivations of her constitutional rights, as well as severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and the loss of the Ring, which possessed market value as well as sentimental value to Gerstenhaber.

531.    The acts of the Defendant AUSTIN-GAINES, as described herein, have forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant AUSTIN-GAINES for all compensatory damages including fair market value and sentimental value, and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

CASE NO.:

**FORTY-FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 –  CIVIL RIGHTS VIOLATION CLAIM**
**UNREASONABLE SEIZURE / LOSS OF PROPERTY**
**Violation of the Fourth and Fourteenth Amendments to the United States Constitution**
*(Against CAMEO WILLIAMS, Individually)*

532.    Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

533.    Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, WILLIAMS, by subjecting Gerstenhaber to an unreasonable seizure and deprivation of her personal property, the Ring.

534.    At all times material hereto, Defendant WILLIAMS, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

535.    At all times material hereto, Gerstenhaber maintained the right to be free from an unreasonable seizure and deprivation of her personal property, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

536.    At all times material hereto, Gerstenhaber maintained the right to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

537.    At all times material hereto, Gerstenhaber also possessed an expectation of the return of her personal property, the Ring, following release, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

538.    The actions of the Defendant, WILLIAMS, as stated above, involved a deliberate seizure of Gerstenhaber's Ring, a family heirloom with sentimental value, by WILLIAMS despite Gerstenhaber being released and all charges nolle processed or dropped, which violated Plaintiff's Fourth and Fourteenth Amendment Rights, pursuant to the United States Constitution.

539.    Defendant WILLIAMS violated 42 U.S.C. § 1983 by intentionally, unreasonably, and unnecessarily seizing Gerstenhaber's Ring, a family heirloom possessing sentimental value well in excess of its market value, and failing to return same upon Gerstenhaber's release for no legitimate penological purpose and/or for the purpose of harassing, intimidating, and/or punishing Gerstenhaber.

540.    The unreasonable seizure of the Ring and the failure to return the Ring despite Gerstenhaber

CASE NO.:

being released and all charges being dropped or nolle processed was objectively unreasonable under the circumstances.

541.    Defendant WILLIAMS while acting in her capacity as a law enforcement officer for the BSO and under color of law unreasonably seized the Ring and failed to secure the Ring and return the Ring to Gerstenhaber upon release.

542.    All of the acts described herein deprived Gerstenhaber of rights secured to her by the United States Constitution; specifically the right secured to Gerstenhaber by the Fourth Amendment to the United States Constitution (by subjecting her to the unreasonable seizure) .

543.    As a direct and proximate result of the unconstitutional act of Defendant WILLIAMS, Plaintiff, Gerstenhaber has been caused to suffer deprivations of her constitutional rights, as well as severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and the loss of the Ring, which possessed market value as well as sentimental value to Gerstenhaber.

544.    The acts of the Defendant WILLIAMS, as described herein, have forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant AUSTIN-GAINES for all compensatory damages including fair market value and sentimental value, and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### FORTY-SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM
### UNREASONABLE SEIZURE / LOSS OF PROPERTY
### Violation of the Fourth and Fourteenth Amendments to the United States Constitution
### *(Against NEDRA GABRIEL, Individually)*

545.    Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

546.    Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, GABRIEL, by subjecting Gerstenhaber to an unreasonable seizure and deprivation of her personal property, the Ring.

CASE NO.:

547.     At all times material hereto, Defendant GABRIEL, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

548.     At all times material hereto, Gerstenhaber maintained the right to be free from an unreasonable seizure and deprivation of her personal property, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

549.     At all times material hereto, Gerstenhaber maintained the right to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

550.     At all times material hereto, Gerstenhaber also possessed an expectation of the return of her personal property, the Ring, following release, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

551.     The actions of the Defendant, GABRIEL, as stated above, involved a deliberate seizure of Gerstenhaber's Ring, a family heirloom with sentimental value, by GABRIEL despite Gerstenhaber being released and all charges nolle processed or dropped, which violated Plaintiff's Fourth and Fourteenth Amendment Rights, pursuant to the United States Constitution.

552.     Defendant GABRIEL violated 42 U.S.C. § 1983 by intentionally, unreasonably, and unnecessarily seizing Gerstenhaber's Ring, a family heirloom possessing sentimental value well in excess of its market value, and failing to return same upon Gerstenhaber's release for no legitimate penological purpose and/or for the purpose of harassing, intimidating, and/or punishing Gerstenhaber.

553.     The unreasonable seizure of the Ring and the failure to return the Ring despite Gerstenhaber being released and all charges being dropped or nolle processed was objectively unreasonable under the circumstances.

554.     Defendant GABRIEL while acting in her capacity as a law enforcement officer for the BSO and under color of law unreasonably seized the Ring and failed to secure the Ring and return the Ring to Gerstenhaber upon release.

555.     All of the acts described herein deprived Gerstenhaber of rights secured to her by the United States Constitution; specifically the right secured to Gerstenhaber by the Fourth Amendment to the United States Constitution (by subjecting her to the unreasonable seizure) .

556.     As a direct and proximate result of the unconstitutional act of Defendant GABRIEL, Plaintiff, Gerstenhaber has been caused to suffer deprivations of her constitutional rights, as well as severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

anguish, emotional distress, loss of capacity for the enjoyment of life, and the loss of the Ring, which possessed market value as well as sentimental value to Gerstenhaber.

557.    The acts of the Defendant GABRIEL, as described herein, have forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant GABRIEL for all compensatory damages including fair market value and sentimental value, and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

### FORTY-THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM
### UNREASONABLE SEIZURE / LOSS OF PROPERTY
### Violation of the Fourth and Fourteenth Amendments to the United States Constitution
### *(Against LUIS GALINDEZ, Individually)*

558.    Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

559.    Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, GALINDEZ, by subjecting Gerstenhaber to an unreasonable seizure and deprivation of her personal property, the Ring.

560.    At all times material hereto, Defendant GALINDEZ, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

561.    At all times material hereto, Gerstenhaber maintained the right to be free from an unreasonable seizure and deprivation of her personal property, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

562.    At all times material hereto, Gerstenhaber maintained the right to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

563.    At all times material hereto, Gerstenhaber also possessed an expectation of the return of her personal property, the Ring, following release, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

564.     The actions of the Defendant, GALINDEZ, as stated above, involved a deliberate seizure of Gerstenhaber's Ring, a family heirloom with sentimental value, by GALINDEZ despite Gerstenhaber being released and all charges nolle processed or dropped, which violated Plaintiff's Fourth and Fourteenth Amendment Rights, pursuant to the United States Constitution.

565.     Defendant GALINDEZ violated 42 U.S.C. § 1983 by intentionally, unreasonably, and unnecessarily seizing Gerstenhaber's Ring, a family heirloom possessing sentimental value well in excess of its market value, and failing to return same upon Gerstenhaber's release for no legitimate penological purpose and/or for the purpose of harassing, intimidating, and/or punishing Gerstenhaber.

566.     The unreasonable seizure of the Ring and the failure to return the Ring despite Gerstenhaber being released and all charges being dropped or nolle processed was objectively unreasonable under the circumstances.

567.     Defendant GALINDEZ while acting in her capacity as a law enforcement officer for the BSO and under color of law unreasonably seized the Ring and failed to secure the Ring and return the Ring to Gerstenhaber upon release.

568.     All of the acts described herein deprived Gerstenhaber of rights secured to her by the United States Constitution; specifically the right secured to Gerstenhaber by the Fourth Amendment to the United States Constitution (by subjecting her to the unreasonable seizure) .

569.     As a direct and proximate result of the unconstitutional act of Defendant GALINDEZ, Plaintiff, Gerstenhaber has been caused to suffer deprivations of her constitutional rights, as well as severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and the loss of the Ring, which possessed market value as well as sentimental value to Gerstenhaber.

570.     The acts of the Defendant GALINDEZ, as described herein, have forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant GALINDEZ for all compensatory damages including fair market value and sentimental value, and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

**FORTY-FOURTH CAUSE OF ACTION**
**42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM**
**UNREASONABLE SEIZURE / LOSS OF PROPERTY**
**Violation of the Fourth and Fourteenth Amendments to the United States Constitution**
*(Against DAPHNYS JEAN BAPTISTE, Individually)*

571.    Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

572.    Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, JEAN BAPTISTE, by subjecting Gerstenhaber to an unreasonable seizure and deprivation of her personal property, the Ring.

573.    At all times material hereto, Defendant JEAN BAPTISTE, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

574.    At all times material hereto, Gerstenhaber maintained the right to be free from an unreasonable seizure and deprivation of her personal property, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

575.    At all times material hereto, Gerstenhaber maintained the right to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

576.    At all times material hereto, Gerstenhaber also possessed an expectation of the return of her personal property, the Ring, following release, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

577.    The actions of the Defendant, JEAN BAPTISTE, as stated above, involved a deliberate seizure of Gerstenhaber's Ring, a family heirloom with sentimental value, by JEAN BAPTISTE despite Gerstenhaber being released and all charges nolle processed or dropped, which violated Plaintiff's Fourth and Fourteenth Amendment Rights, pursuant to the United States Constitution.

578.    Defendant JEAN BAPTISTE violated 42 U.S.C. § 1983 by intentionally, unreasonably, and unnecessarily seizing Gerstenhaber's Ring, a family heirloom possessing sentimental value well in excess of its market value, and failing to return same upon Gerstenhaber's release for no legitimate penological purpose and/or for the purpose of harassing, intimidating, and/or punishing Gerstenhaber.

579.    The unreasonable seizure of the Ring and the failure to return the Ring despite Gerstenhaber

CASE NO.:

being released and all charges being dropped or nolle processed was objectively unreasonable under the circumstances.

580.    Defendant JEAN BAPTISTE while acting in her capacity as a law enforcement officer for the BSO and under color of law unreasonably seized the Ring and failed to secure the Ring and return the Ring to Gerstenhaber upon release.

581.    All of the acts described herein deprived Gerstenhaber of rights secured to her by the United States Constitution; specifically the right secured to Gerstenhaber by the Fourth Amendment to the United States Constitution (by subjecting her to the unreasonable seizure) .

582.    As a direct and proximate result of the unconstitutional act of Defendant JEAN BAPTISTE, Plaintiff, Gerstenhaber has been caused to suffer deprivations of her constitutional rights, as well as severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and the loss of the Ring, which possessed market value as well as sentimental value to Gerstenhaber.

583.    The acts of the Defendant JEAN BAPTISTE, as described herein, have forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant JEAN BAPTISTE for all compensatory damages including fair market value and sentimental value, and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

**FORTY-FIFTH CAUSE OF ACTION**
**42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM**
**UNREASONABLE SEIZURE / LOSS OF PROPERTY**
**Violation of the Fourth and Fourteenth Amendments to the United States Constitution**
*(Against PATRICK FECU, Individually)*

584.    Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

585.    Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, FECU, by subjecting Gerstenhaber to an unreasonable seizure and deprivation of her personal property, the Ring.

CASE NO.:

586. At all times material hereto, Defendant FECIU, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

587. At all times material hereto, Gerstenhaber maintained the right to be free from an unreasonable seizure and deprivation of her personal property, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

588. At all times material hereto, Gerstenhaber maintained the right to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

589. At all times material hereto, Gerstenhaber also possessed an expectation of the return of her personal property, the Ring, following release, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

590. The actions of the Defendant, FECU, as stated above, involved a deliberate seizure of Gerstenhaber's Ring, a family heirloom with sentimental value, by FECU despite Gerstenhaber being released and all charges nolle processed or dropped, which violated Plaintiff's Fourth and Fourteenth Amendment Rights, pursuant to the United States Constitution.

591. Defendant FECU violated 42 U.S.C. § 1983 by intentionally, unreasonably, and unnecessarily seizing Gerstenhaber's Ring, a family heirloom possessing sentimental value well in excess of its market value, and/or failing to return same upon Gerstenhaber's release for no legitimate penological purpose and/or for the purpose of harassing, intimidating, and/or punishing Gerstenhaber.

592. The unreasonable seizure of the Ring and the failure to return the Ring despite Gerstenhaber being released and all charges being dropped or nolle processed was objectively unreasonable under the circumstances.

593. Defendant FECU while acting in his capacity as a law enforcement officer for the BSO and under color of law unreasonably seized the Ring and failed to secure the Ring and return the Ring to Gerstenhaber upon release.

594. All of the acts described herein deprived Gerstenhaber of rights secured to her by the United States Constitution; specifically the right secured to Gerstenhaber by the Fourth Amendment to the United States Constitution (by subjecting her to the unreasonable seizure) .

595. As a direct and proximate result of the unconstitutional act of Defendant FECU, Plaintiff, Gerstenhaber has been caused to suffer deprivations of her constitutional rights, as well as severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish,

CASE NO.:

emotional distress, loss of capacity for the enjoyment of life, and the loss of the Ring, which possessed market value as well as sentimental value to Gerstenhaber.

596.     The acts of the Defendant FECU, as described herein, have forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant FECU for all compensatory damages including fair market value and sentimental value, and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

**FORTY-SIXTH CAUSE OF ACTION**
**42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATION CLAIM**
**UNREASONABLE SEIZURE / LOSS OF PROPERTY**
**Violation of the Fourth and Fourteenth Amendments to the United States Constitution**
*(Against TIFFANY BEALE, Individually)*

597.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

598.     Plaintiff, Gerstenhaber, seeks relief under the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation of certain constitutional and fundamental rights under the Fourth and Fourteenth Amendments by Defendant, BEALE, by subjecting Gerstenhaber to an unreasonable seizure and deprivation of her personal property, the Ring.

599.     At all times material hereto, Defendant BEALE, was acting under color of state law and pursuant to the official custom, course, and policy of the BSO.

600.     At all times material hereto, Gerstenhaber maintained the right to be free from an unreasonable seizure and deprivation of her personal property, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

601.     At all times material hereto, Gerstenhaber maintained the right to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

602.     At all times material hereto, Gerstenhaber also possessed an expectation of the return of her personal property, the Ring, following release, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

CASE NO.:

603.    The actions of the Defendant, BEALE, as stated above, involved a deliberate seizure of Gerstenhaber's Ring, a family heirloom with sentimental value, by BEALE despite Gerstenhaber being released and all charges nolle processed or dropped, which violated Plaintiff's Fourth and Fourteenth Amendment Rights, pursuant to the United States Constitution.

604.    Defendant BEALE violated 42 U.S.C. § 1983 by intentionally, unreasonably, and unnecessarily seizing Gerstenhaber's Ring, a family heirloom possessing sentimental value well in excess of its market value, and/or failing to return same upon Gerstenhaber's release for no legitimate penological purpose and/or for the purpose of harassing, intimidating, and/or punishing Gerstenhaber.

605.    The unreasonable seizure of the Ring and the failure to return the Ring despite Gerstenhaber being released and all charges being dropped or nolle processed was objectively unreasonable under the circumstances.

606.    Defendant BEALE while acting in his capacity as a law enforcement officer for the BSO and under color of law unreasonably seized the Ring and failed to secure the Ring and return the Ring to Gerstenhaber upon release.

607.    All of the acts described herein deprived Gerstenhaber of rights secured to her by the United States Constitution; specifically the right secured to Gerstenhaber by the Fourth Amendment to the United States Constitution (by subjecting her to the unreasonable seizure) .

608.    As a direct and proximate result of the unconstitutional act of Defendant BEALE, Plaintiff, Gerstenhaber has been caused to suffer deprivations of her constitutional rights, as well as severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, mental anguish, emotional distress, loss of capacity for the enjoyment of life, and the loss of the Ring, which possessed market value as well as sentimental value to Gerstenhaber.

609.    The acts of the Defendant BEALE, as described herein, have forced Plaintiff, Gerstenhaber, to retain the undersigned attorneys and to pay them a reasonable fee, which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant BEALE for all compensatory damages including fair market value and sentimental value, and punitive damages together with attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 1988, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

## FORTY-SEVENTH CAUSE OF ACTION
## CONVERSION
### *(Against BERNADETTE BRINKLEY, Individually)*

610.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

611.     At all times material hereto, Gerstenhaber maintained the right to be free from an unreasonable seizure and deprivation of her personal property, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution and Florida law.

612.     At all times material hereto, Gerstenhaber maintained the right to be secure in their persons, houses, papers, and effects against unreasonable seizures, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution and Florida law.

613.     On July 11, 2014, Defendant BRINKLEY seized the Ring from Gerstenhaber.

614.     At all times material hereto, Gerstenhaber possessed an expectation of the return of her personal property, the Ring, following release from the Broward County Jail.

615.     Defendant BRINKLEY intentionally and deliberately after seizing Gerstenhaber's Ring, a family heirloom possessing sentimental value well in excess of its market value, failed to return the Ring to Gerstenhaber upon Gerstenhaber's release despite having no justification and/or  legitimate penological purpose for keeping the Ring.

616.     Defendant BRINKLEY intentionally and deliberately kept the Ring for the purpose of harassing, intimidating, and/or punishing Gerstenhaber.

617.     As of the current date, despite her release from the Broward County Jail on July 11, 2014, the Ring has not been returned to Gerstenhaber.

618.     Defendant BRINKLEY has deprived Gerstenhaber of the Ring for an indefinite period of time.

619.     The deprivation of the Ring is inconsistent with Defendant BRINKLEY's ownership interest in the Ring.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant BRINKLEY for all actual and compensatory damages including fair market value and sentimental value of the Ring, punitive damages,  prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

CASE NO.:

## FORTY-EIGHTH CAUSE OF ACTION
## CONVERSION
### *(Against DAWNA AUSTIN-GAINES, Individually)*

620.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

621.     At all times material hereto, Gerstenhaber maintained the right to be free from an unreasonable seizure and deprivation of her personal property, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution and Florida law.

622.     At all times material hereto, Gerstenhaber maintained the right to be secure in their persons, houses, papers, and effects against unreasonable seizures, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution and Florida law.

623.     On July 11, 2014, Defendant AUSTIN-GAINES seized the Ring from Gerstenhaber.

624.     At all times material hereto, Gerstenhaber possessed an expectation of the return of her personal property, the Ring, following release from the Broward County Jail.

625.     Defendant AUSTIN-GAINES intentionally and deliberately after seizing Gerstenhaber's Ring, a family heirloom possessing sentimental value well in excess of its market value, failed to return the Ring to Gerstenhaber upon Gerstenhaber's release despite having no justification and/or legitimate penological purpose for keeping the Ring.

626.     Defendant AUSTIN-GAINES  intentionally and deliberately kept the Ring for the purpose of harassing, intimidating, and/or punishing Gerstenhaber.

627.     As of the current date, despite her release from the Broward County Jail on July 11, 2014, the Ring has not been returned to Gerstenhaber.

628.     Defendant AUSTIN-GAINES has deprived Gerstenhaber of the Ring for an indefinite period of time.

629.     The deprivation of the Ring is inconsistent with Defendant AUSTIN GAINES' ownership interest in the Ring.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant AUSTIN-GAINES for all actual and compensatory damages including fair market value and sentimental value of the Ring, punitive damages,  prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

## FORTY-NINTH CAUSE OF ACTION
## CONVERSION
### *(Against CAMEO WILLIAMS, Individually)*

630.    Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

631.    At all times material hereto, Gerstenhaber maintained the right to be free from an unreasonable seizure and deprivation of her personal property, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution and Florida law.

632.    At all times material hereto, Gerstenhaber maintained the right to be secure in their persons, houses, papers, and effects against unreasonable seizures, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution and Florida law.

633.    On July 11, 2014, Defendant WILLIAMS seized the Ring from Gerstenhaber.

634.    At all times material hereto, Gerstenhaber possessed an expectation of the return of her personal property, the Ring, following release from the Broward County Jail.

635.    Defendant WILLIAMS intentionally and deliberately after seizing Gerstenhaber's Ring, a family heirloom possessing sentimental value well in excess of its market value, failed to return the Ring to Gerstenhaber upon Gerstenhaber's release despite having no justification and/or legitimate penological purpose for keeping the Ring.

636.    Defendant WILLIAMS intentionally and deliberately kept the Ring for the purpose of harassing, intimidating, and/or punishing Gerstenhaber.

637.    As of the current date, despite her release from the Broward County Jail on July 11, 2014, the Ring has not been returned to Gerstenhaber.

638.    Defendant WILLIAMS has deprived Gerstenhaber of the Ring for an indefinite period of time.

639.    The deprivation of the Ring is inconsistent with Defendant WILLIAMS' ownership interest in the Ring.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant WILLIAMS for all actual and compensatory damages including fair market value and sentimental value of the Ring, punitive damages,  prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

CASE NO.:

### FIFTIETH CAUSE OF ACTION
### CONVERSION
### *(Against NEDRA GABRIEL, Individually)*

640.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

641.     At all times material hereto, Gerstenhaber maintained the right to be free from an unreasonable seizure and deprivation of her personal property, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution and Florida law.

642.     At all times material hereto, Gerstenhaber maintained the right to be secure in their persons, houses, papers, and effects against unreasonable seizures, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution and Florida law.

643.     On July 11, 2014, Defendant GABRIEL seized the Ring from Gerstenhaber.

644.     At all times material hereto, Gerstenhaber possessed an expectation of the return of her personal property, the Ring, following release from the Broward County Jail.

645.     Defendant GABRIEL intentionally and deliberately after seizing Gerstenhaber's Ring, a family heirloom possessing sentimental value well in excess of its market value, failed to return the Ring to Gerstenhaber upon Gerstenhaber's release despite having no justification and/or legitimate penological purpose for keeping the Ring.

646.     Defendant GABRIEL intentionally and deliberately kept the Ring for the purpose of harassing, intimidating, and/or punishing Gerstenhaber.

647.     As of the current date, despite her release from the Broward County Jail on July 11, 2014, the Ring has not been returned to Gerstenhaber.

648.     Defendant GABRIEL has deprived Gerstenhaber of the Ring for an indefinite period of time.

649.     The deprivation of the Ring is inconsistent with Defendant GABRIEL's ownership interest in the Ring.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant GABRIEL for all actual and compensatory damages including fair market value and sentimental value of the Ring, punitive damages,  prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

CASE NO.:

### FIFTY-FIRST CAUSE OF ACTION
### CONVERSION
### *(Against LUIS GALINDEZ, Individually)*

650.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

651.     At all times material hereto, Gerstenhaber maintained the right to be free from an unreasonable seizure and deprivation of her personal property, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution and Florida law.

652.     At all times material hereto, Gerstenhaber maintained the right to be secure in their persons, houses, papers, and effects against unreasonable seizures, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution and Florida law.

653.     On July 11, 2014, Defendant GALINDEZ seized the Ring from Gerstenhaber.

654.     At all times material hereto, Gerstenhaber possessed an expectation of the return of her personal property, the Ring, following release from the Broward County Jail.

655.     Defendant GALINDEZ intentionally and deliberately after seizing Gerstenhaber's Ring, a family heirloom possessing sentimental value well in excess of its market value, failed to return the Ring to Gerstenhaber upon Gerstenhaber's release despite having no justification and/or legitimate penological purpose for keeping the Ring.

656.     Defendant GALINDEZ intentionally and deliberately kept the Ring for the purpose of harassing, intimidating, and/or punishing Gerstenhaber.

657.     As of the current date, despite her release from the Broward County Jail on July 11, 2014, the Ring has not been returned to Gerstenhaber.

658.     Defendant GALINDEZ has deprived Gerstenhaber of the Ring for an indefinite period of time.

659.     The deprivation of the Ring is inconsistent with Defendant GALINDEZ 's ownership interest in the Ring.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant GALINDEZ for all actual and compensatory damages including fair market value and sentimental value of the Ring, punitive damages,  prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

## FIFTY-SECOND CAUSE OF ACTION
## CONVERSION
### *(Against DAPHNYS JEAN BAPTISTE, Individually)*

660.    Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

661.    At all times material hereto, Gerstenhaber maintained the right to be free from an unreasonable seizure and deprivation of her personal property, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution and Florida law.

662.    At all times material hereto, Gerstenhaber maintained the right to be secure in their persons, houses, papers, and effects against unreasonable seizures, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution and Florida law.

663.    On July 11, 2014, Defendant JEAN BAPTISTE seized the Ring from Gerstenhaber.

664.    At all times material hereto, Gerstenhaber possessed an expectation of the return of her personal property, the Ring, following release from the Broward County Jail.

665.    Defendant JEAN BAPTISTE intentionally and deliberately after seizing Gerstenhaber's Ring, a family heirloom possessing sentimental value well in excess of its market value, failed to return the Ring to Gerstenhaber upon Gerstenhaber's release despite having no justification and/or  legitimate penological purpose for keeping the Ring.

666.    Defendant JEAN BAPTISTE intentionally and deliberately kept the Ring for the purpose of harassing, intimidating, and/or punishing Gerstenhaber.

667.    As of the current date, despite her release from the Broward County Jail on July 11, 2014, the Ring has not been returned to Gerstenhaber.

668.    Defendant JEAN BAPTISTE has deprived Gerstenhaber of the Ring for an indefinite period of time.

669.    The deprivation of the Ring is inconsistent with Defendant JEAN BAPTISTE 's ownership interest in the Ring.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant JEAN BAPTISTE for all actual and compensatory damages including fair market value and sentimental value of the Ring, punitive damages,  prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

CASE NO.:

## FIFTY-THIRD CAUSE OF ACTION
## CONVERSION
### *(Against PATRICK FECU, Individually)*

670.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

671.     At all times material hereto, Gerstenhaber maintained the right to be free from an unreasonable seizure and deprivation of her personal property, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution and Florida law.

672.     At all times material hereto, Gerstenhaber maintained the right to be secure in their persons, houses, papers, and effects against unreasonable seizures, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution and Florida law.

673.     On July 11, 2014, Defendant FECU seized the Ring from Gerstenhaber.

674.     At all times material hereto, Gerstenhaber possessed an expectation of the return of her personal property, the Ring, following release from the Broward County Jail.

675.     Defendant FECU intentionally and deliberately after seizing Gerstenhaber's Ring, a family heirloom possessing sentimental value well in excess of its market value, failed to return the Ring to Gerstenhaber upon Gerstenhaber's release despite having no justification and/or  legitimate penological purpose for keeping the Ring.

676.     Defendant FECU intentionally and deliberately kept the Ring for the purpose of harassing, intimidating, and/or punishing Gerstenhaber.

677.     As of the current date, despite her release from the Broward County Jail on July 11, 2014, the Ring has not been returned to Gerstenhaber.

678.     Defendant FECU has deprived Gerstenhaber of the Ring for an indefinite period of time.

679.     The deprivation of the Ring is inconsistent with Defendant FECU's ownership interest in the Ring.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant FECU for all actual and compensatory damages including fair market value and sentimental value of the Ring, punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

CASE NO.:

## FIFTY-FOURTH CAUSE OF ACTION
## CONVERSION
### *(Against TIFFANY BEALE, Individually)*

680.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

681.     At all times material hereto, Gerstenhaber maintained the right to be free from an unreasonable seizure and deprivation of her personal property, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution and Florida law.

682.     At all times material hereto, Gerstenhaber maintained the right to be secure in their persons, houses, papers, and effects against unreasonable seizures, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution and Florida law.

683.     On July 11, 2014, Defendant BEALE seized the Ring from Gerstenhaber.

684.     At all times material hereto, Gerstenhaber possessed an expectation of the return of her personal property, the Ring, following release from the Broward County Jail.

685.     Defendant BEALE intentionally and deliberately after seizing Gerstenhaber's Ring, a family heirloom possessing sentimental value well in excess of its market value, failed to return the Ring to Gerstenhaber upon Gerstenhaber's release despite having no justification and/or  legitimate penological purpose for keeping the Ring.

686.     Defendant BEALE intentionally and deliberately kept the Ring for the purpose of harassing, intimidating, and/or punishing Gerstenhaber.

687.     As of the current date, despite her release from the Broward County Jail on July 11, 2014, the Ring has not been returned to Gerstenhaber.

688.     Defendant BEALE has deprived Gerstenhaber of the Ring for an indefinite period of time.

689.     The deprivation of the Ring is inconsistent with Defendant BEALE's ownership interest in the Ring.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant BEALE for all actual and compensatory damages including fair market value and sentimental value of the Ring, punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

**FIFTY-FIFTH CAUSE OF ACTION**
**CONVERSION (PLEADING IN THE ALTERNATIVE TO COUNTS 47-54)**
*(Against BSO )*

690.    Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

691.    At all times material hereto, Gerstenhaber maintained the right to be free from an unreasonable seizure and deprivation of her personal property, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution and Florida law.

692.    At all times material hereto, Gerstenhaber maintained the right to be secure in their persons, houses, papers, and effects against unreasonable seizures, a protected right under the Fourth and Fourteenth Amendments of the United States Constitution.

693.    At all times material hereto, Deputies Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, Jean Baptiste, Fecu, and Beale were agents, servants, and/or employees of the BSO.

694.    At all times material hereto, BSO maintained a supervisory role of all actions undertaken by Deputies Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, Jean Baptiste, Fecu, and/or Beale during the course and scope of their employment.

695.    At all times material hereto, Deputies Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, Jean Baptiste, Fecu, and Beale were acting within the course and scope of their employment with BSO.

696.    On July 11, 2014, Defendants Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, Jean Baptiste, Fecu, and Beale while acting within the course and scope of their employment seized the Ring from Gerstenhaber.

697.    At all times material hereto, Gerstenhaber possessed an expectation of the return of her personal property, the Ring, following release from the Broward County Jail.

698.    Defendants Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, Jean Baptiste, Fecu, and Beale after seizing Gerstenhaber's Ring, a family heirloom possessing sentimental value well in excess of its market value, failed to return the Ring to Gerstenhaber upon Gerstenhaber's release despite having no justification and/or  legitimate penological purpose for keeping the Ring.

699.    Defendants Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, Jean Baptiste, Fecu, and Beale despite failing to return the Ring, did not act in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Gerstenhaber's rights, safety, or property.

700.    As of the current date, despite her release from the Broward County Jail on July 11, 2014, the Ring has not been returned to Gerstenhaber.

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

701.     Defendants Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, Jean Baptiste, Fecu, and Beale have deprived Gerstenhaber of the Ring for an indefinite period of time.

702.     The deprivation of the Ring is inconsistent with Defendants Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, Jean Baptiste, Fecu, and Beale's ownership interest in the Ring.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant BSO for all actual and compensatory damages including fair market value and sentimental value of the Ring, punitive damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

## FIFTY-SIXTH CAUSE OF ACTION
## UNLAWFUL STRIP SEARCH PURSUANT TO FLORIDA STATUTE § 901.211
### *(Against BSO)*

703.     Plaintiff Gerstenhaber adopts and incorporates paragraphs 1 through 157 as if set forth fully herein.

704.     Defendant BSO, by and through its final policy makers, officers, agents, servants, and/or employees, is responsible for carrying on county government, conducting investigations of county affairs and performing acts which are in the common interest of the people.

705.     Defendant, BSO, by and through its officers, agents, and employees, is responsible for staffing, supervising, managing, controlling, disciplining, and/or setting forth polices and procedures, for its agency, the Broward Sheriff's Office, to ensure that its officers, agents, and employees are performing their duties and responsibilities with the highest level of proficiency, professionalism, and accountability, and within the confines of the United States Constitution and the laws of the State of Florida.

706.     At all times material hereto, in committing each of the acts, omissions, and/or commissions complained of herein, the Defendant, BSO, was acting by and through its officers, agents, servants, and/or employees, including but not limited to, Defendants Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, and Jean Baptiste, who were working in the course and scope of said agency and/or employment, on behalf of Defendant, BSO.

707.     Defendant BSO, by and through its final policymakers, officers, agents, servants, and/or employees, had a duty of maintaining, staffing, and supervising all BSO deputies, possessed ultimate authority over Broward Sheriff Office's deputies' activities and was responsible for the conduct of the Broward Sheriff Office's deputies in the employ of the BSO and its agency.

708.     Defendant BSO, by and through its final policymakers, officers, agents, servants, and/or

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

employees, had a duty to ensure that reasonable measures were taken to ensure that the deputies of the Broward Sheriff's Office performed their duties and responsibilities with the highest level of proficiency, professionalism, and accountability, and within the confines of the United States Constitution and the laws of the State of Florida.

709.    Defendant BSO, by and through its final policy makers, officers, agents, servants, and/or employees, had a duty to provide law enforcement that complied with the United States Constitution and the laws of the State of Florida and that its deputies did not deprive any citizen or individual of his/her constitutional rights and/or property, including subjecting said citizens and/or individuals to illegal strip searches in violation of Florida Statute section 901.211.

710.    Florida Statute section 901.211(3) provides that:

> Each strip search shall be performed by a person of the same gender as the arrested person and on premises where the search cannot be observed by persons not physically conducting or observing the search pursuant to this section. Any observer shall be of the same gender as the arrested person.

711.    Florida Statute section 901.211(5) provides that:

> No law enforcement officer shall order a strip search within the agency or facility without obtaining the written authorization of the supervising officer on duty.

712.    On or about July 11, 2014, the Defendant, BSO, by and through its agents, servants and/or employees, including but not limited to, Defendants Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, and Jean Baptiste, agreed and undertook to serve and perform as deputies within the Department of Detention in accordance with prevailing law enforcement standards applicable to Broward County, Florida, or any similar community, so as to avoid performing any strip search in violation of Florida Statute section 901.211.

713.    At all times material hereto, Defendants, Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, and/or Jean Baptiste, among others, were acting under color of state law with in the course and scope of their employment with the BSO, and pursuant to the official custom, course, and policy of the BSO.

714.    The actions of the Defendants, Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, and/or Jean Baptiste as stated above, involved participating and exacting an illegal strip search of Gerstenhaber in the presence of a male BSO deputy in violation of  Florida statute section 901.211(3).

715.    The actions of the Defendants, Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, and Jean Baptiste as stated above, involved participating and exacting an illegal strip search of Gerstenhaber without obtaining the written authorization of the supervising officer on duty in the presence of a male BSO deputy in violation of Florida statute section 901.211(5).

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

716.     Defendants Brinkley, Austin-Gaines, Williams, Gabriel, Galindez and Jean Baptiste violated Florida Statute sections 901.211(3) and (5) by engaging in an unauthorized strip search of Gerstenhaber in the presence of a male BSO deputy thereby subjecting her to a violation of her bodily privacy, as well as emotional and physical abuse, intimidation, embarrassment, humiliation, and harassment.

717.     The strip search exacted by BSO, by and through its agents, servants, and/or employees, including Brinkley, Austin-Gaines, Williams, Gabriel, and Galindez, which was also in the presence of male BSO deputy Jean Baptiste was illegal and objectively unreasonable under the circumstances.  More specifically, Plaintiff Gerstenhaber, was an unarmed female inside a holding cell within the Broward County Jail, restrained, and had not taken any action against any BSO deputies that would cause the BSO deputies to feel threatened or fear any imminent physical harm to justify the need for a male deputy's participation in a strip search of a female individual, especially where three other female deputies were involved in the search and two other female deputies were available to assist if necessary.

718.     All of the acts described herein deprived Gerstenhaber of rights secured to her by Florida statutory law, specifically Florida Statute section 901.211.

719.     As a direct and proximate result of the illegal strip search executed by BSO, by and through its agents, servants, and/or employees, including Brinkley, Austin-Gaines, Williams, Gabriel, Galindez, and Jean Baptiste, Plaintiff Gerstenhaber, has been caused to suffer severe, grievous and permanent injuries, disfigurement, physical and mental pain and suffering, grief, anguish, inability to lead a normal life, and/or permanent aggravation of a preexisting condition and further incurred medical bills and other bills as a result of such injuries; such injuries are either permanent or are continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, Gerstenhaber, demands judgment against Defendant BSO for all compensatory damages, prejudgment interest, and demands trial by jury of all issues triable as a matter of right, and all such other and further relief as this Court deems just and proper.

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

CASE NO.:

## <u>DEMAND FOR JURY TRIAL</u>

Demand is hereby made for trial by jury on all issues so triable.

By:_____ s/ Matthew E. Kaplan_____
Matthew E. Kaplan (FBN 519227)
mkaplan@kaplanfreedman.com
Kaplan and Freedman, P.A.
9410 Southwest 77th Avenue
Miami, Florida 33156-7903
Telephone:     (305) 274-7533
Facsimile:      (954) 763-1000
Attorneys for Plaintiff Sharone Sara Gerstenhaber

95